## SHERMAN v. KING ET UX.

1. **Husband and Wife:** FAMILY EXPENSES: LIABILITY OF WIFE'S PROPERTY. One who advances money to the husband, which is used for the payment of family expenses, cannot claim a lien upon the separate property of the wife therefor, where such advances were not made at her request, and there is no assignment to him of the original account for such expenses.

*Appeal from Scott District Court.*

TUESDAY, JUNE 3.

ACTION upon a promissory note against the defendant W. W. King for five hundred and sixty-three dollars, and upon an account against the defendant Julia King for one hundred and ninety-two dollars and fifty cents. The defendant W. W. King made default, and judgment was rendered against him for the amount of the note. Upon the account against the defendant Julia King there was a trial by jury, and verdict and judgment were rendered for the plaintiff for eighty-two dollars and eighty-six cents. The defendant Julia King appeals.

*Cook & Richman,* for appellant.

*H. H. Benson* and *A. J. Hirschl,* for appellee.

Sherman v. King.

Adams, J.—The promissory note was executed to the plaintiff by the defendant W. W. King alone, and was given in settlement of an account, which was in part for money received by W. W. King for plaintiff and not paid over, and in part for money paid by plaintiff for him upon his written or verbal orders. The money paid by plaintiff upon the orders was paid in discharge of certain indebtedness which had been incurred for the defendants' family expenses. The defendant Julia King is the wife of W. W. King, and the alleged claim against her arose by reason of the payment of these orders. But no assignment of the expense account was taken by the plaintiff, nor did he pay any of the accounts upon her order or at her request. Such being the facts, as shown by the evidence, she moved for a new trial, upon the ground that the verdict was contrary to the evidence. The motion was overruled, and the overruling is assigned as error.

The plaintiff relies upon section 2214 of the Code, which makes the expenses of the family chargeable upon the property of the wife as well as the husband. While the plaintiff furnished nothing which was used in the family, but only the money which paid the indebtedness incurred for what was used, he claims to have succeeded to all the rights of the original creditors.

In our opinion, there is no privity of contract between Mrs. King and the plaintiff. It is true that where a person furnishes goods for family use, and which goods are so used, he may under the statute charge them to the wife, although furnished solely upon the husband's request. When goods are so furnished and used, and charged to the wife, it seems probable to us that, upon a sale and assignment of the account against the wife, the assignee would become entitled to recover against her upon the account. So if a person should, at her request, pay an account against her for which she was liable, a right of action would doubtless accrue to the person making such payment, but the right of action would

*1. HUSBAND and wife: family expenses: liability of wife's property.*

not be upon the original account, but would arise by reason of the payment. There being in this case neither an assignment to the plaintiff of the account against her, nor payment made by him at her request, we are unable to see how he has a right of action against her.

REVERSED.