## DAVIS v. RITCHEY.

1. **Husband and Wife:** MONEY BORROWED FOR FAMILY EXPENSES: LIABILITY OF WIFE. A wife cannot be made liable for money borrowed by her husband on the ground that it was borrowed for the purpose of paying family expenses, and was actually so used.

*Appeal from Boone Circuit Court*

THURSDAY, APRIL 21.

ACTION on a promissory note executed by defendant's husband. A motion to strike out part of the petition, and a demurrer to the residue, having been sustained, the plaintiff appeals.

*E. L. Green,* for appellant.

*Kidder & Crooks,* for appellee.

SEEVERS, J.—James M. Ritchey and the defendant were husband and wife. The former has deceased, but during his lifetime he borrowed of the plaintiff certain money, and executed therefor the note sued on. The ground upon which a recovery is asked against the defendant is thus stated in an amendment to the petition:

"That the money so loaned said James M. Ritchey at said

February 24, 1879, was at the solicitation of said Ritchey, at said time when said Ritchey was sick and confined to his house, and from which sickness he subsequently died, the same being his last sickness, and said Ritchey being at that time, and all time subsequent thereto, wholly unable to work or obtain money to provide himself with medicine and himself and family aforesaid with provisions and necessaries, and said Ritchey was at said time wanting and in need of medicine, and money to buy the same with, and himself and family wanting such provisions and necessaries, and in need of money to buy the same with, and this defendant then failed and refused to allow the use of any of her individual money or property for such purposes, and said money was borrowed and had as aforesaid for said purpose only, and said money was used and expended in the purchase of medicines, provisions and necessaries as aforesaid, and borrowed from the plaintiff with the express verbal understanding that it was wanted for and to be used as aforesaid; that defendant was present at the conversation when said James M. Ritchey solicited the loan of said money for said purposes and as aforesaid, and when the money was loaned him; that the defendant in no way objected to such loan, nor intimated against or objected to her liability therefor as a wife of said James M. Ritchey, but in truth and fact remained silent and said nothing concerning it, and plaintiff took then and there the note of said James M. Ritchey in manner aforesaid; that exclusive credit was not given James M. Ritchey for said money, and said defendant was never in any manner by plaintiff or otherwise excepted or exempted from her liability as the wife of said James M. Ritchey to repay the same, nor has her property ever in any manner been released or discharged from such liability; that said money was so loaned said Ritchey for the use and benefit of said family as aforesaid, and the expense thereof was a family expense, and properly chargeable upon the property of both him and defendant, and only loaned as aforesaid to provide for them in said manner as an accom-

Davis v. Ritchey.

modation in their want, and was necessary to provide for their wants and needs; that the estate of James M. Ritchey is insolvent."

Conceding the facts to be as above stated can there be a recovery against the defendant and the same made a charge on her separate property? The statute provides that: "The expenses of the family and the education of the children are chargeable upon the property of the husband or wife, or either of them."   *   *   Code, § 2214.

The question, then, is whether borrowed money can be regarded as a family expense, if borrowed for and used in obtaining things which, if obtained on credit, would be an expenditure for the family. We think not. The statute was enacted for the benefit of the husband or wife, and person from whom the things constituting the family expense were obtained, to the end that credit could be obtained and extended for something essential, necessary or convenient, or so deemed by the husband or wife, to be used in or by the family. Money cannot be so used. Therefore it cannot be a family expense even if borrowed for the family. It may be, and in the present case was, used to procure what, if obtained on credit, would have been a family expense. But the provisions and medicines procured with the money were paid for. Such amount, therefore, cannot be a charge against any one. So that if the plaintiff recovers it is for money borrowed by the defendant's husband, which it is sought to be charged upon her separate property, and which she at no time or in any manner obligated herself to pay. The facts are different in this case from those appearing in *Sherman v. King*, 51 Iowa, 182, but in principle the two cases, we think, are identical.

AFFIRMED.