INDEPENDENT SCHOOL DISTRICT OF FOREST HOME v. J. C. MARDIS, *et al.*, Appellants.

Building Contract: CONSTRUED: *Mechanic's lien.* A building contract provided that in case of notice of any claim for mechanic's liens or labor or material furnished by subcontractors, or if such labor or material remain unpaid for, the right to withhold payment was reserved until such liens, claims or demands were settled or released. *Held,*

 a The right to reserve exists so long as such claims remain unpaid and is not limited to demands for which a mechanic's lien might be established.

 b Money borrowed by a contractor and used in payment of labor and material furnished in the construction of a building is a debt for such money and not for labor and material, within the meaning of the contract provision.

 c The owner may require claimants to interplead and establish their demands against the fund although the contractor has assigned the amount due to some of them.

 d A material man who interpleads to establish his claim against the fund due the contractor is not precluded from asserting his rights under a provision of the building contract, by the fact that he had taken an assignment from the contractor of any balance due him.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, OCTOBER 12, 1898.

OF the contract price for the construction of a high school building, three thousand six hundred and forty dollars was withheld by the plaintiff, and this action was brought to require the defendants, except the contractor, to interplead and establish their claims against said fund. Decree was entered applying it *pro rata* on the claims of J. A. Garver & Co., J. K. & W. H. Gilcrest, Dunreath Quarry Company, Iowa Brick Company, and St. John & Barquist, and any balance remaining on that of the People's Savings Bank of Des Moines. The People's Savings Bank and J. K. & W. H. Gilcrest appeal.—*Affirmed.*

*Bailey & Ballreich* and *Barcroft & McCaughan* for appellants.

*Royal & Rawson, C. C. & C. L. Nourse, St. John & Stevenson, J. K. Macomber* and *Hume & Bradshaw* for appellees.

LADD, J.—Eighty-five per centum of the cost of the construction of the high school building was paid on certificates of the superintendent as the work progressed. The remaining fifteen per centum, or three thousand six hundred and forty dollars, was to be paid, under the contract, "in thirty days after the satisfactory completion and acceptance of the work herein named; provided, however, in case of any notice to the party of the second part of any claim for mechanics' liens for labor or material furnished by subcontractors or others, or in case any such labor or materials remain unpaid for by the party of the first part, the party of the second part reserves the right to withhold payments on this contract until said liens, claims or demands are settled or released." The building was completed and accepted February 24, 1896, and for the labor and materials furnished by the subcontractors the contractor Mardis owed J. A. Garver & Co. eight hundred and eighteen dollars and eighty-two cents;

J. K. and W. H. Gilcrest, one thousand five hundred and thirty-two dollars and forty-six cents; Dunreath Quarry Company, seventy-nine dollars and thirty-five cents; Iowa Brick Company, one thousand two hundred and eight dollars and eighteen cents; and St. John & Barquist, three hundred and ninety-nine dollars. The steps required were not taken to establish these claims, under chapter 179, Acts Twentieth General Assembly, and mechanics' liens could not be acquired. *Breneman v. Harvey,* 70 Iowa, 479; *Charnock v. Colfax Dist. Tp.,* 51 Iowa, 70. Mardis gave J. K. & W. H. Gilcrest an order on the district for the amount due them March 31, 1896, and assigned the balance owing by the district to the People's Savings Bank of Des Moines in satisfaction of an indebtedness due that bank. On the same day he assigned all interest he had in the fund, subject to the assignment to the bank, to J. A. Garver & Co., to secure its claim.

From this statement it is apparent that, unless the district had the right to withhold the fund until all the subcontractors were paid such fund should be turned over to J. K. and W. H. Gilcrest and the People's Savings Bank. It is conceded the district could provide in its agreement for the payment of all debts for material and labor before the fifteen per centum of the price should be available, and we think this the evident purport of the contract. In unmistakable terms the district reserves the right to withhold payments in case labor or materials remain unpaid for. In other words, the district is not required to pay Mardis until he has paid for the labor and materials used in construction, and which furnish the basis of his compensation. Satisfaction of these is made a condition precedent to recovery by him, if the district so elects. Through their order and assignment, the appellants acquired only such interest in the fund as Mardis had, and, as he could not enforce payment before the settlement or release of the indebtedness for materials and labor, they cannot. But by bringing the action the plaintiff waives its election to withhold the fund on condition that it be applied *pro rata* in satisfaction of the debts pro-

tected by the contract. The clear implication is that it may thus insist on the application of the fund, for this could be its only interest in withholding it, unless it be the relief from passing on the validity of claims. Mardis or the appellants might have avoided this by complying with the contract, and neither, on failure to do so, is put in any worse position by such appropriation of the money. We think the district court rightly construed the provision quoted.

What has been said disposes of the contention that it is like the condition considered in *Weller v. Goble,* 66 Iowa, 113; and *Hunt v. King,* 97 Iowa, 88. Nor is it like the condition of the bond in *Jordan v. Kavanaugh,* 63 Iowa, 152; and *Baker v. Bryan,* 64 Iowa, 561. Whether the contract was purely for the benefit of the district or in part to protect subcontractors is not now involved. The labor and materials were to be paid for before liability for the remaining fifteen per cent. of the cost attached, and the district had the right, in the absence of such payment, to have such portion of the contract price so applied.

There is no merit in the contention of the appellants that the claims referred to in the contract are only such as might be established under chapter 179, Acts Twentieth General Assembly, as the only condition is that they "remain unpaid for by the party of the first part," and that they be for labor and materials furnished. Nothing in the contract indicates that the word "claim" is used in such technical sense. But the contrary appears from reference to the clause, "claims or demands are settled or released."

II. While the testimony tends to show that Mardis used the money borrowed of the People's Savings Bank for the payment of some portion of the labor and material furnished in the construction of the building, it is apparent the debt is for such money, and not for labor and material. See *Sherman v. King,* 51 Iowa, 182; *Davis v. Ritchey,* 55 Iowa, 719.

III.   It is said that J. A. Garyer & Co., by taking an assignment of any balance due subject to that of the bank, waived their right of asserting their claim under the contract.

It does not appear the firm had any knowledge of any other claim to the fund at that time, or that the People's Savings Bank was in any way misled. Indeed, there is no element of waiver shown.   Garver & Co., in their cross petition, set up a claim under the assignment, but afterwards, by an amendment, in a separate count, claimed under the contract.   Its action was for the same indebtedness, based somewhat on different instruments, and they had the right to assert their claim in separate counts on the assignment and under the contract.   These were not necessarily inconsistent with either construction given the contract.   The assignment carried any balance that might be found due to Mardis.   The validity of the assignment is not involved, but the determination of the fund affected by it.   Had the contention of the appellants prevailed, then Garver & Co. would have taken any balance left after satisfying the assignment of the People's Savings Bank, and possibly the order of the Gilcrests.   But, as the contract is construed, the firm takes also subject to the payment of the other subcontractors.   The court did not err in setting aside the default against the Iowa Brick Company, and its cross petition, in the absence of any answer, was rightly taken as true.   The decree of the district court is AFFIRMED.