McCARTNEY & SONS' Co. v. J. S. CARTER and MARY E. CARTER, Appellants.

**Husband and Wife:** FAMILY EXPENSE: SEPARATE LIABILITY: DEFENSES. A husband may change the form of indebtedness for a family expense without releasing the wife on the original debt, as by the execution of a note therefor, but a note so given is not conclusive upon the wife either as to the existence of the debt or as to its amount, and she may show that at the time the note was executed there was an unsettled partnership account between the husband and the payee and that in fact no debt existed.

*Appeal from Polk District Court.*— Hon. A. H. McVey,
Judge.

Thursday, November 16, 1905.

Suit at law to recover on a note alleged to have been
given by J. S. Carter for family expense.   He defaulted, and
there was a directed verdict against Mary E. Carter, who is
his wife.   From a judgment on the verdict, she appeals.—
*Reversed.*

*McHenry & Graham,* for appellant.

*Hume & Hamilton,* for appellees.

Sherwin, C. J.— Tacitus Hussey and the defendant
J. S. Carter were for many years prior to the 1st day of
January, 1901, engaged in a partnership business in the city
of Des Moines.   On said date Carter executed and delivered
to Hussey a note for $1,750, due January 1, 1903.   This
note was transferred to the plaintiffs before it became due,
and it is the note on which this suit was brought.   In addi-
tion to declaring on the note, the petition alleges that it was
given for the amount due Tacitus Hussey for the rent of a
certain dwelling for the 175 months preceding its date, which
was occupied by both of the defendants as a residence for
themselves and family.   J. S. Carter made no defense, but
Mary E. Carter filed an answer, in which she admits the
execution of the note by her husband and its transfer to the
plaintiffs.   She pleads, however, that, when the note was
given, her husband and Hussey were copartners, and had been
for many years; that no accounting between them had been
made; that her husband was ignorant of the standing of the
accounts between them; and that at the time the note was
given he was not indebted to Hussey in any sum whatever.
The note was given to settle an account for rent of a dwelling

house, arising under the following conditions: The house was owned by the partnership of Carter & Hussey, and Carter occupied it under an agreement that he would allow Hussey $10 a month for his half or share of the rent.

The evidence shows that, when the note was given, Mr. Hussey did not know the condition of the account between himself and Mr. Carter, or whether Mr. Carter owed him for rent or anything else. The appellant offered to prove that the giving of the note was a partnership transaction; "that no debt existed or was due for rent in favor of Tacitus Hussey . . . from these defendants or either of them," and that the note was given for a supposed debt which did not in fact exist; that it was given to "offset a supposed balance in a partnership account in favor of Hussey which balance did not exist," but, on the contrary, that Hussey was indebted to Carter at that time in the amount of $3,356.42. The appellant also offered to prove the other allegations of the petition set forth above. The plaintiffs objected to the evidence thus offered on the grounds that it was incompetent and immaterial and in the nature of conclusions, and the objection was sustained. The question for determination is whether the appellant, Mary E. Carter, should have been permitted to prove any or all of the defenses pleaded by her. If so, there was error in rejecting the evidence offered.

The appellees contend that the husband, as the head of the family, is not only authorized to incur indebtedness for "expense of the family," but to change the form of the indebtedness and to settle and agree upon the amount due, and that such acts of the husband are conclusive and fix the liability of the wife, as well as his own. Hence it is claimed by them that if the husband is liable on the note in suit, and if it is in fact a note given for family expense, the appellant is also liable thereon under section 3165 of the Code. It is conceded that J. S. Carter is liable on the note, and that it was given in settlement of an account for rent, which,

but for the defenses pleaded, would be chargeable upon the property of both husband and wife. The liability of the wife for family expenses is purely statutory; it being created and limited by Code, section 3165, which is as follows: " The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately." The liability thus created cannot be enlarged by any act of the husband, nor should it be extended by judicial construction. Thus, in *Fitzgerald v. McCarty*, 55 Iowa, 702, it was held that the wife was not liable for an attorney's fee or for excessive interest which the husband had agreed to pay in a note given in settlement of the account for family expenses. See also, *Marquardt v. Flaughter*, 60 Iowa, 148; *Morse and Littell v. Minton*, 101 Iowa, 603. To charge the property of the wife for family expenses under the statute alone, there must of necessity exist a valid debt therefor. *Frost v. Parker*, 65 Iowa, 178. And for more than this she is not liable, even though the husband has given a note for an amount in excess thereof. *Davidson v. Biggs*, 61 Iowa, 309; *Waggoner v. Turner*, 69 Iowa, 127.

This principle has uniformly been recognized in our decisions, as will be seen by an examination of the cases. It logically follows that a note given by the husband for family expenses is not alone conclusive on the wife, either as to the existence of the debt or as to the amount thereof. The proposition is true for other reasons. The giving of the note by the husband does not release the wife from liability for the original indebtedness. The note may extend the time of payment thereof, but, however, the husband may change the form of the evidence of the debt, the wife's liability follows the original debt, and that only, and is determined solely thereby. *Frost v. Parker, supra; Lawrence v. Sinnamon*, 24 Iowa, 80.

The appellees very earnestly insist that the question

in this case is foreclosed by the holding in *Lawrence v. Sinnamon, supra,* and other cases along the same line. We may readily concede that reasons are given for the decision in the Lawrence Case which lend support to the appellee's contention. The real question there, however, was whether the husband by giving a note for a valid existing debt for family expenses might so far bind the wife as to arrest the running of the statute against her on the account. It was held that he might thus change the form of the evidence of the indebtedness, but it was not held, nor was the question in the case, that he might create a liability where none existed under the statute, or that the giving of a note, not assented to by the wife, precludes a defense which she might otherwise interpose to the action. The precise holding in that case has been followed, but it has never been extended. See *Smedley v. Felt,* 41 Iowa, 588; *Davidson v. Biggs,* 61 Iowa, 309; *Frost v. Parker, supra; Waggoner v. Turner, supra.*

There are also other cases along the same line which we do not cite, but which may readily be found. The writer is of the opinion that the cases cited have enlarged the statute way beyond the intent of the legislature; but, as the rule extends the period of limitations only, it will not ordinarily prejudice the wife, and should probably remain undisturbed. It should not, however, because of some of the reasoning of the opinion in the Lawrence Case, be extended beyond the exact question determined therein. If at the time the note was given Carter owed Hussey nothing for his share of the rent because of the partnership business and the condition of the account between them, it is clear that there can be no liability on the part of the appellant, Mary E. Carter, and she should have been permitted to prove her defense to the suit. *Holmes v. Page,* 19 Or. 232 (23 Pac. Rep. 961). The judgment is *reversed.*