KNITTLE, Respondent, v. ELLENBUSCH et al (McNAMARA Appellant.)

(159 N. W. 893.)

(File No. 3914. Opinion filed November 13, 1916. Rehearing denied January 6, 1917.)

1. Judgments—Garnishment—Jurisdiction Against Garnishee—Nonresident, Main Defendant—Judgment in Personam.

Where no personal service of summons within this state was made upon the main defendants, nor any appearance entered by them, but they are served in a foreign state of their residence, and garnishee summons was served upon resident garnishee within this state, and no judgment was rendered against garnishee until after a judgment had been entered against the main defendant, on the trial upon issues joined on garnishee's disclosure had prior to rendition of judgment in the main

action, **held**, that there was not and could not have been a judgment in personam against the main defendant.

2. **Same—Garnishee Process Involving Foreign Property—Judgment Against Main Defendant, Jurisdiction to Enter.**

In a suit against a non-resident main defendant, served with summons outside of the state, where garnishee summons was served upon a resident garnishee within this state, and where trial court was advised, when judgment was entered in the main action, of what property of the main defendants was in possession of garnishee, or what indebtedness due them from garnishee, had been brought within control of the court, **held**, that if garnishee process had reached any such indebtedness, the trial court had jurisdiction to enter judgment against main defendants, which judgment could be satisfied through such judgment as might be rendered against garnishee.    So **held**, where property claimed to be subject to garnishment, and in which it is claimed the named defendants had an interest, was situated in a foreign state.

3. **Fraudulent    Conveyances—Garnishment—Resident    Garnishee— Non-resident Defendant and Garnishee—Foreign Merchandise Transferred    Under    Void    Sale—Liability    of    Garnishee— Trusteeship.**

Where garnishee was a resident of this state, and plaintiff and the principal defendants were residents of Nebraska, and such defendants were there served with summons; held, that as to a stock of merchandise located there, claimed to be owned by the principal defendants, the sale of which to them was under the Nebraska Bulk Sales Law void, although said merchandise was fully paid for when so sold, and, as between the parties to said sale, no right of action existed in vendor's favor, and vendees had already resold most of it, yet, under said Bulk Sales Law, and statutes like our Garnishee Law (Laws 1909, Chap. 156, Sec. 17), making property, etc., held by conveyance, void as to creditors of the vendor, the purchaser is holden for such goods as garnishee; that he held the goods as trustee for plaintiff.

4. **Courts—Garnishment—Statutes—Extraterritorial Force of—Foreign Property Interests—Comity Between States.**

Where, in a garnishment proceeding, the respective interests of the main defendants and the vendor's in property located in a foreign state are involved under a Bulk Sales Law of the foreign jurisdiction, **held**, construing Laws 1909, Chap. 156, Sec. 17, providing that any property, etc., held by conveyance or title void as to creditors, shall be embraced in garnishee's liability, in connection with said foreign Bulk Sales Law, that the court of the forum, in enforcing the garnishment proceeding, will apply the rule of comity between states, and will

hold such sale of merchandise void, even though to do so is to impose upon a citizen of this state a personal liability resulting from such foreign statute; that if such comity is so restricted that a law of the state of the contract will be disregarded whenever the state of the forum has not the same law; or so that where, to enforce the foreign law in question would not violate any law of this state nor infringe upon any right of her citizen, the doctrine of comity becomes a farce, as also would be the case if a citizen of this state, contracting in a foreign state, would not be held to such contract by courts of this state simply because so to hold him would be "to the prejudice of all her citizens."

5.  **Courts—Garnishment—Enforcement of Foreign Laws—Questions of Remedy—Comity as Applied to Law of Forum.**

In determining whether the interest of a foreign resident in foreign-owned property is subject to garnishment in an action pending in this state, held, that the rule of comity has no application to matters of remedy; that the remedy is always controlled by the law of the forum; therefore, if our statute (Laws 1909, Chap. 156) did not provide for reaching by garnishee progress one who holds "property, money and effects * * * by conveyance * * * void as to the creditors of the defendant," the courts in this state would not enforce such a remedy simply because such remedy was provided by the foreign statute.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Jacob Knittle, against Gottlieb Ellenbusch and Fred Putnam, principal defendants, and J. N. McNamara, Garnishee, to recover upon contract.

From a judgment against the garnishee defendant, and from an order denying him a new trial, the latter appeals. Affirmed.

*William McDonald (Kirby & Kirby* of counsel), for Appellant.

*W. J. Hooper,* for Respondent.

(1)  To point one of the opinion, Appellant cited: Penneyor v. Neff 95 U. S. 714, 24 L. Ed. 565; Laws 1909, Ch. 156, Sec. 15.

(2)  To point two of the opinion, Respondent cited: State ex rel Bank of Herrick v. Circuit Court of Gregory County, 32 So. Dak. 573.

(3)  To point three of the opinion, Respondent cited: Laws 1909, Ch. 156, Sec. 17; Musselman-Gracey Company v. Kidd,

Oater & Price Company, 115 N. W. •(Michigan) 409; Stannard et al. v. Youman et al. (Wis.) 75 N. W. 1002.

(4)   To point four of the opinion, Appellant cited: Anderson v. M. & St. P. Ry. Co. 37 Wis. 321; Lemmon v. People 20 N. Y. 562-600; Betty v. M. & St. P. Ry. Co., 37 Wis. 323; Marshall v. Sherman, 42 N. E. (N. Y.) 419; Lewis Sutherland Statutory Construction 1 Vol. page 24; Hancock Natl. Bk.° v. Farnum, 40 Atl. (R. I.) 341.

Respondent cited:   5 Ruling Case Law, p. 927; Wharton, Conflict of Laws (2d Ed.) 297 et seq.; Story, Conflict of Laws (8th Ed.) 383; Foote, Private International Law, 236; Appel Mercantile Company v. Barker, 138 N. W. 1133.

WHITING, J.   Appeal from a judgment against a garnishee defendant, and from an order denying such garnishee a new trial.

There was no personal service of summons within this state nor appearance by the defendants in the main action.   There was service on such defendants in the state of Nebraska.   The garnishee summons was served upon the garnishee within this state. No judgment was rendered against the garnishee until after a judgment had been entered against the main defendant, but the trial upon the issues joined on the garnishee's disclosure had been had prior to the rendition of the judgment in the main action.

[1, 2]   Appellant contends that, under our statute, no judgment can be rendered against a garnishee defendant until there has been a judgment in personam entered against the main defendant.   There was not and could not have been a judgment in personam in this case.   Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.   When the judgment was entered in the main action the court was advised of what, if any, property belonging to the main defendants and in the possession of the garnishee, or what, if any, indebtedness due from the garnishee to such defendants, had been brought within the control of the court by the garnishee process. If the garnishee process had reached any such property or indebtedness, then the trial court had jurisdicton to enter up a judgment against the main defendants, which judgment could be satisfied through such judgment as might be rendered against the

garnishee.    State ex rel. Bank v. Circuit Court, 32 S. D. 573,
143 N. W. 892; Holford v. Trewella, 36 Wash. 654, 79 Pac. 308.

[3]   Under the facts of this case, could appellant be holden
as garnishee?   Appellant questions the sufficiency of the evidence
to support some of the findings made by the trial court, but we
believe the evidence ample to show the following facts:   Appel-
lant was and is a resident of this state.   Respondent and defend-
ant Ellenbusch were residents of Butte, Neb.   The latter was the
owner of a stock of merchandise at Butte, and was indebted to
respondent upon the debt sued on in the main action.   Under
those circumstances, Ellenbusch sold the whole of such stock of
merchandise to appellant.   In making such sale the parties thereto
failed to comply with the provisions of the Bulk Sales Law of
Nebraska.   Appellant paid Ellenbusch in full for said stock, and
he has since sold the greater portion thereof.   The value of the
stock purchased far exceeded the amount of the debt from Ellen-
busch to respondent, upon which debt respondent obtained judg-
ment in the main action against Ellenbusch.   From such facts it is
apparent that, between Ellenbusch and appellant, there never
existed any right of action in Ellenbusch's favor, and the general
rule is that one can be holden as a garnishee only when he is
liable to the principal defendant.   To apply such rule to this case
would prevent respondent obtaining any relief through garnish-
ment.   But, under the great weight of authority, the ordinary rule
has no application where one has acquired the property of a
debtor through a sale that is void as to his creditors.   In such
case, under statutes like our garnishee law (chapter 156, Laws
1909), the purchaser can be holden for such goods as a garnishee
(Stannard v. Youmans, 100 Wis. 275, 75 N. W. 1002).   This
holding is applicable to sales void because not in conformity with
a Bulk Sales Law.   Musselman Grocery Co. v. Kidd, Daler &
Price Co., 151 Mich. 478, 115 N. W. 409; Kohn v. Fishbach, 36
Wash. 69, 78 Pac. 199, 104 Am. St. Rep. 941; Jaques & Tinsley
Co. v. Carstophen Warehouse Co., 131 Ga. 1, 62 S. E. 82; Fried-
man v. Branner, 72 Wash. 338, 130 Pac. 360.   It has been so
held in Nebraska in cases where the sales failed to comply with
the very Bulk Sales Law involved in the present action and
where, as in this case, the vendee had resold the property.   Appel

Mercantile Co. v. Barker, 92 Neb. 669, 138 N. W. 1133; Inter-state Rubber Co. v. Kaufman, 98 Neb. 562, 153 N. W. 585.

[4] It is therefore clear that, if this action had been brought in Nebraska and appellant served as garnishee, he would have been holden to the amount of the judgment in the main action. But it is fundamental that no law has any effect, of its own force, beyond the limits of the sovereignty from which its authority is derived, and the extent to which the laws of one state or nation are allowed to operate within the dominion of another depends on what is termed "the comity of nations." 5 R. C. L. 908; Story Confl. L. § 244; 2 Kent's Com. 457. Appellant contends that, inasmuch as there was no law of this state in force at the time of this sale, under which this sale would have been void as to creditors if the property had been situate in this state, there is no rule of comity under which the courts of this state should impose upon one of her citizens a personal liability resulting as an incident flowing from such foreign law. Appellant refers to the well-established rule that:

"Foreign laws are not regarded where they conflict with our own regulations, our local policies, or do violence to our views of religion or public morals. The principles of comity do not require the courts of one state to enforce rights under the statutes of another, to the prejudice of our own citizens nor when complete justice cannot be done." 1 Lewis Sutherland, Statutory Construction, 24.

To what extent is the rule of comity to be understood as restricted under the above declaration? It is perfectly apparent that, if comity is so restricted that a substantive law of the state of the contract will be disregarded whenever the state of the forum does not have the same law, the doctrine of comity becomes a farce. It is also a farce if a citizen of this state, who enters into a contract in a foreign state, will not be held to the effects of such contract by the courts of this state simply because so to hold him would be "to the prejudice of our own citizen." Excellent illustrations of the recognized limitations of the rule of comity are: Courts will not enforce a foreign mortgage lien against those citizens of the state of the forum who are not parties to the mortgage, where the mortgage has not been recorded in the state of the forum. Miles v. Oden, 8 Martin (N. S. La.) 214, 19

Am. Dec. 177. Courts would not enforce the provisions of a will made in a foreign state, which will attempted to emancipate a slave domiciled in the state of the forum, the latter state having a statute prohibiting the emancipation of slaves. Mahorner v. Hooe, 9 Smedes & M. Miss. 247, 48 Am. Dec. 706. Courts will not enforce a claim based upon the sale of intoxicating liquors sold in a foreign state in contemplation that such liquors should thereafter be sold in violation of the laws of the forum. Smith v. Godfrey, 28 N. H. 379, 61 Am. Dec. 617. Courts will not enforce a contract made in a foreign state by a citizen of the state of the forum, even though the contract be valid in the foreign state, if, under the laws of the state of the forum, her citizen had not legal capacity to enter into such a contract. Armstrong v. Best, 112 N. C. 59, 17 S. E. 14, 25 L. R. A. 188, 34 Am. St. Rep. 473. Courts will not enforce the laws of a foreign state in relation to the inheriting of personal property when the owner of such property is domiciled in and dies within such foreign state; the property is situate in the state of the forum; the person who would inherit under the law of the foreign state is not a resident of the state of the forum; and there are residing in the state of the forum persons who, under the laws of such state, would be preferred to such resident of the foreign state. Succession of Petit, 49 La. Ann. 625, 21 South. 717, 62 Am. St. Rep. 659. Appellant has cited several cases in support of his contention that the courts of this state should not enforce any rights claimed by virtue of the Nebraska law. An examination of these cases discloses that in several questions of remedy were involved.

[5] We think that it is universally held that the rule of comity has no applicaton to matters of remedy, and that the remedy is always controlled by the law of the forum. 5 R. C. L. 918. Thus if our statute (chapter 156, Laws 1909) did not provide for reaching by garnishee proceess one who held "property, moneys * * * and effects * * * by a conveyance * * * void as to the creditors of the defendant," the courts of this state would not enforce such a remedy simply because such remedy was provided by the statutes of Nebraska. An examination of the authorities cited by appellant discloses that none of them present a situation at all analogous to that presented by the facts

of this case. Under the established rule based upon comity between states and nations, there being present no peculiar circumstances which should prevent the application of such principle of comity, the courts of this state will recognize that the dominion of a foreign state over personal property belonging to her citizens and situate within her borders is complete, and that she has a right to regulate its transfer. To enforce the law in question would in no manner violate any law of this state, nor would it infringe upon any right of any citizen of this state. We therefore hold that the conveyance of this stock of goods to appellant was void as to respondent; that appellant held such stock of goods as a trustee for respondent; that having disposed of the same he is liable as garnishee for the value thereof.

The judgment and order appealed from are affirmed.