HIRNING, Public Examiner and Superintendent of Banks, Respondent, v. FORSBERG, Defendant (Dahlberg, Appellant.)

(206 N. W. 471.)

(File No. 5792.   Opinion filed December 9, 1925.)

1.   **Appeal and Error—Waiver—Assignments of Error—Assignment or Error Not Argued Waived.**

Where appellant did not argue assignment of error as to defect of parties, assignment is waived.

2.   **Pleading—Demurrer—Attorney General—Failure of Complaint in Action by Superintendent of Bank Against Stockholders to Allege That Action Conducted Under Direction of Attorney General Not Covered by Demurrer Alleging Plaintiff Has Not Legal Capacity to Sue.**

In suit by superintendent of banks against stockholders to enforce their individual liability, failure of complaint to allege affirmatively that action was brought and conducted under direction and supervision of Attorney General is not properly covered by demurrer alleging that plaintiff has not legal capacity to sue.

3.   **Banks and Banking—Parties—Actions—Superintendent of Banks —Superintendent of Banks Authorized to Bring Action Against Stockholders of Insolvent Bank.**

Rev. Code 1919, Sec. 8937, specifically makes it duty of superintendent of banks to prosecute actions against stockholders of insolvent bank to enforce their individual liability, under Const. Art. 18, Sec. 3.

4.   **Pleading—Complaint—All Facts Properly Pleaded in Complaint Treated As True in Passing on Demurrer Thereto.**

As regards demurrer to complaint on ground that it fails to state facts sufficient to constitute cause of action, court must treat as true all facts properly pleaded in complaint.

5.   **Banks and Banking—Fraud—Fraudulent Transfer of Bank Stock in Effect no Transfer at All.**

Where attempted transfer of stock in bank void as in fraud of creditors of bank, it is the same as though no transfer were ever made, since mere fact of recording an alleged transfer could give no validity to a transaction in fact fraudulent.

6.   **Appeal and Error—Pleading—Statute of Limitations—Court in Interest of Justice Will Determine Whether Action Commenced Within Time Limited, Though Defense on That Ground Taken by Demurrer Instead of Answer.**

Though, under Rev. Code 1919, Sec. 2263, defense that action was not commenced within time limited can only be taken

by answer, court will, in interest of justice, determine question, though brought on appeal from order overruling demurrer.

7.  **Banks and Banking—Limitations of Actions—Constitutional Law —Constitution and Statute Providing That Stockholder's Liability Shall Continue for One Year After Transfer Not Special Statute of Limitations.**

    Const. art. 18, Sec. 3, and Rev. Code 1919, Sec. 8993, providing that stockholder's liability shall continue for one year after any transfer of stock, held not to create a special statute of limitations, barring action against stockholders of insolvent bank to enforce their individual liability after one year, but to refer to accruing of cause of action.

Appeal from Circuit Court, Grant County; Hon. J. J. Batterton, Judge.

Action by John Hirning, Public Examiner and Superintendent of Banks, in charge of the Farmers' State Bank of Strandburg, against N. Forsberg and N. A. Dahlberg. From order overruling his demurrer, defendant Dahlberg appeals. Affirmed.

*Hanten, Hanten & Henrikson,* of Watertown, for Appellant.

*Loucks, Hasche & Foley,* of Watertown, and *Buell F. Jones,* Attorney General, for Respondent.

(2) To point two of the opinion, Appellant cited: Scribner State Bank v. Ransom, 35 S. D. 244, 151 N. W. 1023; Babcock v. Hanselman, 56 Mich. 27, 22 N. W. 99.

Respondent cited: Mead v. Mead, 28 S. D. 131; Bacon v. Mitchell (N. D.), 106 N. W. 129.

(5) To point five, Respondent cited: Bank v. Case, 99 U. S. 628; Bowden v. Johnson, 107 U. S. 251; Nathan v. Whitlock, 9 Paige 152; McClaren v. Franciscus, 43 Mo. 467; Marcy v. Clark, 17 Mass. 334; Johnson v. Laflin, Fed. Cas. 7393; United States v. Harron, 22 L. ed. 275; Guaranty Title Co. v. Title Guaranty Company, 56 L. ed. 706.

(6) To point six, Appellant cited: Union National Bank v. Halley, 19 S. D. 474, 104 N. W. 213; Gager v. Paul (Wis.), 87 N. W. 875.

Respondent cited: Harper v. Carroll, 64 N. W. 145; Hunt v. Doran, 100 N. W. 222; Harper v. Carroll (Minn.), 69 N. W. 610.

MORIARTY, C. This is an action brought by the superintendent of banks to recover upon the alleged liability of the defendants as stockholders of an insolvent bank.

The complaint alleges that the plaintiff is the superintendent of banks of this state; that the Farmers' State Bank of Strandburg is a banking corporation of the state; that the capital stock of said corporation was issued in the sum of $10,000, consisting of 100 shares of $100 each; that on January 15, 1910, the defendant N. A. Dahlberg became the record owner of five shares of the said capital stock of said bank, and continued to be the owner of record of said stock upon the books of said bank until the 23d day of November, 1922, at which time the certificate of stock so held by said defendant Dahlberg was transferred by him to the defendant N. Forsberg, and a stock certificate for five shares of stock issued in the name of N. Forsberg and so recorded on the books of the bank; and that the said transfer was not made in good faith or for actual value, but was fraudulent and void as to the creditors and stockholders of said bank.

Said complaint further alleges that on said 23d day of November, 1922, the said bank owed debts of more than double its capital stock in excess of all its assets, and that said bank suspended business on February 9, 1924, and was at that time taken charge of by the department of banking and finance; that said bank is insolvent; and that its liabilities to depositors and creditors exceed its total assets by more than $10,000; and that, after the closing of said bank, demand was made upon the defendants to pay an assessment of 100 per cent upon the $500 of capital stock held by them as aforesaid; and that said defendants have failed and refused to pay the said assessments or any part thereof. And said complaint further alleges that prior to the date of the purported transfer of said stock from defendant Dahlberg to defendant Forsberg, to wit, on November 16, 1922, the guaranty fund commission of the state, and the public examiner and superintendent of banks, ordered an assessment of 100 per cent upon all of the stock of said banking corporation, for the purpose of making up an impairment in the capital stock of said bank, and that said order was outstanding and in full force and effect on the 23d day of November, 1922, when the aforesaid purported transfer was made, and that said order was made to the actual knowledge of

each of the said defendants on or about the 16th day of November, 1922. And upon this complaint the plaintiff demands judgment against the defendants and each of them in the sum of $500, and interest thereon at 7 per cent from February 9, 1924.

To this complaint defendant Dahlberg demurred on the following grounds: (1) That there is a defect of parties plaintiff; (2) that the plaintiff has no legal capacity to sue; (3) that the complaint does not state facts sufficient to constitute a cause of action against the said defendant, N. A. Dahlberg. The demurrer was overruled by the trial court, and from the order overruling the demurrer the defendant Dahlberg takes this appeal.

At the time the appeal was taken it was stipulated between counsel that four other cases, to wit, those of Hirning, as Superintendent of Banks, v. N. Forsberg and L. J. Sundin, Same Plaintiff v. N. Forsberg and Eloff Nelson, Same Plaintiff v. N. Forsberg and Sam T. Nelson, and the Same Plaintiff v. N. Forsberg and Charles G. Swan, involved practically the same questions of law and the same allegations in the several complaints, except that in the case against Swan the transfer of stock from Forsberg is alleged to have taken place on March 3, 1923, instead of on November 23 or 24, 1922. And it was stipulated that, because of the similarity of the questions involved, the five cases might be submitted upon the same set of briefs.

[1] In accordance with these stipulations the opinion of the court upon the questions involved will be set forth in this discussion of the Dahlberg Case, and the other four cases will be treated as controlled by the decision in the instant case. In their brief appellant's counsel fail to argue the ground that there is defect of parties plaintiff. Therefore that contention may be deemed to be abandoned.

[2, 3] As to the contention that the plaintiff has not legal capacity to sue, this contention is not specifically argued. The only argument in any way approaching this point is that in which counsel say that the complaint is defective in failing to allege affirmatively that the action is brought and conducted under the direction and supervision of the Attorney General. This contention is not properly covered by the allegation that the plaintiff has not legal capacity to sue. Section 8937 of the Revised Code specifically makes it the duty of the superintendent of banks

to prosecute actions of this class, and in the recent decision of Hirning, as Superintendent, v. Oppold, 201 N. W. 721, this court has passed upon the precise question, and has affirmed the overruling of a demurrer setting forth this contention. That decision is conclusive of this ground of demurrer. As to the suit being conducted under the authority and supervision of the Attorney General, it will be noted that this officer appears as one of the counsel for respondent in this court, while in the Oppold case he d. d not appear even on the appeal. The right of an attorney to appear in an action is not properly challenged by a demurrer alleging that the plaintiff has not legal capacity to sue. If the Attorney General had appeared in the action at its commencement, he could not maintain the action unless the plaintiff had legal capacity to sue. This contention of appellant is without merit.

[4] This leaves for our consideration the single question whether the complaint states facts sufficient to constitute a cause of action. For the purpose of this demurrer the court must treat as true all facts properly pleaded in the complaint. This means that on the date of the alleged transfer of stock from the appellant to the defendant Forsberg both parties to this transaction knew that the superintendent of banks and the guaranty fund commission had ordered an assessment of 100 per cent on the capital stock of the bank for the purpose of making up an impairment of its capital. It further means that the bank was insolvent at the time these parties attempted to make the transfer, and that the liabilities of the bank exceeded its assets to such extent as to require the enforcement of the liability of stockholders to its full extent, and that the insolvency existed to that extent when appellant attempted to transfer the stock to Forsberg, and it means that, while the order for assessment was in existence, and while both the appellant and Forsberg knew of the making of the order, the appellant, without consideration and not in good faith, transferred the stock to Forsberg.

From these facts admitted by the demurrer two questions arise: First, did the existence of these facts give the superintendent of banks a right of action against appellant? Second, if said facts did give such right of action, was this right lost by the failure to bring action within one year after the recording of the transfer on the books of the bank?

[5] Of course, if the attempted transfer was void as in fraud of creditors of the bank, the situation would be the same as though no transfer were ever made. The mere fact of recording an alleged transfer could no more give validity to a transaction in fact fraudulent than the recording of a deed to real property could give validity to such deed if in fact made with intent to defraud creditors. But, while the facts pleaded strongly indicate the fraudulent character of the attempted transfer, there is no direct allegation of fraudulent intent, and we prefer not to pass upon this phase of the case.

[6, 7] There is a special allegation that at the date of the attempted transfer the bank was insolvent to such extent as to require the collection of the entire stockholder's liability, and it is further alleged that such condition existed at the time this action was commenced. The demurrer admits these facts. But appellant's counsel strenuously contend that as the complaint shows that appellant transferred his stock more than one year before the commencement of this action, the complaint affirmatively shows that the action is barred. This contention is based upon appellant's construction of the meaning of section 3 of article 18 of the state Constitution, and of the statutory provision found in section 8993 of the Revised Code. Appellant's counsel contend that these constitutional and statutory provisions create a special statute of limitations in cases of this class, and this action is therefore barred. While the defense that the action was not commenced within the time limited can only be taken by answer (Rev. Code 1919, § 2263), yet we think we may and should, in the interests of justice, determine at this time the question whether these constitutional and statutory provisions do in fact constitute a statute of limitations.

Section 3 of article 18 of the Constitution provides that the stockholder's liability "shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

Section 8993 of the Revised Code provides:

"Such liability shall continue for one year after any transfer of stock, *as to the affairs of the bank at the time and prior to the date of the transfer.*"

The italics are ours, and it will be noted that these italicized words are not to be found in the constitutional provision. They

are added bodily to the words of the Constitution. But, if they were intended to interpret or modify the constitutional provision, they are entirely invalid. The provisions of the Constitution fixed a liability upon all holders of bank stock within this state.

So long as that constitutional provision stands, no legislative act can relieve any stockholder of any part of that liability. So we do not need to consider the effect of these additional words. We find that the state of Minnesota has a statute which, in limiting the stockholder's liability, uses the exact words of our Constitution:

"And such individual liability shall continue for one year after any transfer or sale of stock." Gen. St. Minn. 1894, § 2501.

The question whether such words constitute a statute of limitations upon the commencement of actions of this class was squarely presented to the Minnesota Supreme Court, and that court has answered the question in the negative. In Harper v. Carroll, 62 Minn. 152, 64 N. W. 145, the Minnesota court says:

"Those for respondents treat and construe the language as a statute of limitations, repealing, so far as a stockholder's liability is concerned, the general statute, which limits the period to six years from the time the cause of action accrues. To agree with them, we should be compelled to hold that, because the liability of the stockholder has been continued for one year, it follows that the right to commence an action to enforce that liability is limited to the year, without reference to when the cause of action accrues. We cannot so construe this language. The statute was enacted for the benefit and protection of both creditor and stockholder. It declared an individual liability of the stockholders for debts incurred while they held their stock shares, and then, in case of a transfer, fixed arbitrarily a period of time, one year, at the expiration of which the novation of the parties might be complete by operation of law, and would be complete, under ordinary circumstances, the old stockholders being relieved from further statutory liability. But if within the year the conditions should arise or exist which authorize the commencement of an action under the provisions of chapter 76, the right was complete, and such action can be brought within the time prescribed by the general statute of limitations—within six years from the time the debt matures."

In that case the Minnesota court was dealing with a suit brought by an individual creditor upon a debt which was not in existence at the time of the stock transfer, and the court held that the former stockholder was not liable for a debt incurred by the bank after he parted with his stock. But in the case now before this court the action is brought to recover an asset belonging to all creditors of the bank, and the date of any particular debt cannot be taken into consideration. But we are satisfied that the holding of the Minnesota court is sound on the question of the words of their statute, which are identical with those of our Constitution, not being a statute of limitations, and this holding hasa been adhered to in several later Minnesota decisions. Harper v. Carroll, 66 Minn. 487, 69 N. W. 610-1069; Hunt v. Doran, 92 Minn. 423, 100 N. W. 222; Northwestern Trust Co. v. Bradbury, 112 Minn. 76, 127 N. W. 386.

Where a statute such as ours makes it the duty of the superintendent of banks to enforce the collection of stockholder's liability as an asset in the liquidation of a closed bank, it would be utterly impracticable to attempt to distinguish between debts incurred before and after the stock transfer, and we hold that the meaning and effect of our constitutional provision is this: One who transfers stock of any bank organized under our state banking law is liable upon any insolvency of the bank occurring within one year after he parts with the stock. We are cognizant of the fact that there is a constant shifting of assets and liabilities in operating banks, and to hold that the banking department in liquidating a closed bank cannot recover on stockholder's liability except to the extent of debts which existed at the time of the transfer would mean that by a little manipulation in paying off old debts and replacing them by new ones the salutary constitutional provision may be entirely evaded. A stockholder could transfer the bulk of his stock to some strawman, then as rapidly as possible pay off old debts of the bank by incurring new ones, and before the expiration of a year after the transfer be in a position to say, "I am liable only on one share of stock." If the provisions of section 8993, R. C., can be construed to allow this, it so attempts to relieve stockholders from a liability fixed by section 3 of article 18 of the state Constitution as to render the statute unconstitutional.

The Supreme Court of Wisconsin in the case of Gager v. Paul, 111 Wis. 638, 87 N. W. 875, holds that the Wisconsin statute limiting stockholder's liability to six months after the transfer is a statute of limitations, and that an action on the liability must be begun within six months. But that court also calls attention to the fact that their statute limits the liabiity to those who are creditors at the time of the transfer, and the court argues that with such provision the six-month provision would be meaningless, unless it is construed to apply to the commencement of the action. This reasoning does not apply to the broad provision of our Constitution, which contains no such limitation as that of the Wisconsin statute; nor can it be considered to apply strictly to the wording of our statute. Section 8993, R. C. While the Wisconsin statute limits the liability to creditors, our statute says:

"As to the affairs of the bank at the time and prior to the date of the transfer."

The term "affairs of the bank" covers, not only the debts which it may owe at the time of the transfer, but also the condition of its assets. The character of the assets at the time of the transfer is of as much importance as the question of what particular debts existed at that time. Paper which may pass examination at the time of the transfer may be undeniably worthless before the expiration of the year, and to say that a limitation as to the continuance of the liability becomes meaningless, because a limitation as to debts existing at the date of the transfer, is to entirely ignore this very important item of reduction in value of assets. Debts may be incurred by a bank after a stockholder has transferred his stock. This stockholder may have no part in the incurring of the debt, but the incurring of the debt may have been necessitated by bad paper taken before the transfer.

We believe that the provisions of our Constitution and of our statutes are broad enough to cover changes in value of assets as well as in amount of liabilities, and we believe that to secure the protection they were intended to furnish we must give them that broad construction. Under them, so construed, a stockholder can no more escape liability for bad assets than for excessive indebtedness. We hold that the limitation as to liability continuing for one year after the transfer refers to the accruing of the cause of action, and is not a statute of limitations applying to the time of commencing the action.

The order appealed from is affirmed.