IOWA METHODIST HOSPITAL, Appellee, v. CORA
UTTERBACK, Appellant.

No. 46042.

NOVEMBER 17, 1942.

Hiram S. Hunn and Raymond W. Jones, both of Des
Moines, for appellant.

Clarence W. Harvey, of Des Moines, for appellee.

MITCHELL, J.— Cora Utterback and Hubert Utter-
back were married December 25, 1934. Hubert Utterback had

been married before and had two daughters. He was taken sick sometime in the early part of 1938, and in September of 1938 he was in the hospital in Des Moines. When he left the hospital he went to reside in the home of one of his married daughters, but later returned to an apartment owned by his wife and known as 3616 University Avenue in Des Moines. After returning to his wife's apartment he was under the care of a physician all of the time. The disease from which he was suffering was one for which a certain diet was prescribed by the medical profession, and on November 23, 1938, he was removed to the Iowa Methodist Hospital, where he was treated for some time. The bill for the treatment he received at the hospital was not paid and this action was commenced by the Iowa Methodist Hospital against Cora Utterback, wife of Hubert Utterback, seeking recovery of the balance due on the hospital bill in the amount of $345.10. An answer was filed which denied generally each and every material allegation of the petition, and it further alleged that Hubert Utterback had deserted the defendant, Cora Utterback, and absented himself without reasonable cause for a period of more than two years; that the relationship of husband and wife ceased to exist when the said Hubert Utterback deserted the defendant. A jury was waived. The case was tried to the court, which, after listening to the evidence and arguments of counsel, entered a verdict in favor of Iowa Methodist Hospital for the amount of $345.10. Cora Utterback, being dissatisfied, has appealed. This action is based upon section 10459 of the 1939 Code, which is as follows:

"Family expenses. The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

As we read the appellant's brief and argument and the various assignments of error, the claim is not made that the wife would not be liable for the hospital expenses of her husband, under section 10459, if the relationship of husband and wife still existed, and the reason appellant argues that she is not liable in this case is because it is her claim that Hubert Utterback deserted her. We quote from her brief:

"It is the contention of the Appellant that his departure with the intention of not returning and the intention of deserting the Appellant, severed and broke the family relationship such that there was no longer a family to be benefited. * * * It is therefore urged by the Appellant that this action for hospital services, support, board, room and drugs should have been dismissed as to her for the reason that it was not for the family benefit that such items were furnished to Mr. Utterback after he had deserted her and after the family relationship had terminated."

In the case of Stech v. Holmes, 210 Iowa 1136, 230 N. W. 326, this court construed the family-expense statute and held that a physician was entitled to recover under the said statute for services which he had rendered and for services which had been rendered by a Council Bluffs hospital for members of the family away from home, the hospital claim having been assigned to the physician.

In the case of Russell v. Graumann, 40 Wash. 667, 82 P. 998, 5 Ann. Cas. 830, a statute of the state of Washington, very similar in wording to our own section 10459, was construed by the Supreme Court of Washington, and the court there held that the wife was liable for both medical and hospital expenses rendered for her husband, though she was residing in another state when the services were performed.

This is a law case which was tried to the court, a jury having been waived, and it is elementary that if there is evidence in the record on which the court's decision can be sustained, then the decision must be given the effect of a jury verdict and must be sustained.

■ Appellant first argues that the court erred in refusing to admit Exhibit 2, which was the petition for divorce filed by the appellant June 25, 1941, against Hubert Utterback, and which was identified by appellant as to her signature and showed the filing stamp of the clerk of the court. The purpose of the offer, appellant says, was to show that the desertion alleged to have occurred on November 23, 1938, ripened into a cause of action expressed in the actual commencement of a suit for divorce and was the ground alleged for divorce. We cannot agree

with the appellant. The statements contained in her petition for divorce were mere allegations made by her. There was no probative value in her statements in the said petition that Hubert Utterback had deserted her, since that fact, if it existed, would have to be proved by evidence other than her mere allegation in a petition filed months afterward. If any of the allegations in the petition were competent evidence in the case at bar, she could have so testified from the witness stand. As we see it, the petition for divorce simply consisted of self-serving declarations, certainly not admissible as evidence on behalf of the person who made the declarations. See Seevers v. Cleveland Coal Co., 158 Iowa 574, 138 N. W. 793, Ann. Cas. 1915D, 188. The lower court was right in sustaining the objection to the offer of the evidence.

It is next argued the court erred because there was no showing it was necessary for Hubert Utterback to be taken to the hospital. With this we cannot agree. The evidence shows that he was an extremely sick man. There is testimony of the attending doctor that he was removed to the hospital upon the advice and direction of his physician.

Finally, it is argued that the appellant is not liable for the hospital bill because Hubert Utterback deserted her prior to the time any charges on the account were incurred and that Hubert Utterback was the wrongdoer in deserting appellant and thus severing the family relationship. Again we cannot agree with the appellant. Hubert Utterback was taken from the apartment of the appellant to the hospital. It is true that she was not at home at the time he left for the hospital but there is evidence that she knew that he was going to be taken to the hospital. On various occasions the appellant visited Hubert Utterback at the hospital after he was taken there. There is evidence that after Hubert Utterback left the hospital, he wanted to return to appellant's apartment. Much of this evidence is denied. Little good could be accomplished by reviewing it. This being a law action, there being sufficient evidence to sustain the trial court, we can come to no other conclusion than that the judgment of the lower court must be, and it is,—Affirmed.

All JUSTICES concur.