AKRON SAVINGS BANK, Appellant v. CHARLSON, Respondent

(158 N.W.2d 523)

(File No. 10452. Opinion filed April 25, 1968)

■■

E. P. Murray, Le Mars, Iowa, John F. Murphy, Elk Point, for plaintiff and appellant.

J. Henry Eik, Sioux City, Iowa, Martin M. Miller, Beresford, for defendant and respondent.

BIEGELMEIER, Judge.

Plaintiff bank brought this action in circuit court against the administrator of the estate of Hilda Anderson, deceased, to recover on four notes signed only by her husband August A. Anderson. It appears from plaintiff's Second Amended and Substituted Complaint that loans were made to August A. Anderson for the purpose of providing family necessaries and the funds from these loans were deposited in a joint checking account in the names of August A. Anderson and his wife; that withdrawals were made from the checking account in payment of these family necessaries from time to time. It is further alleged the notes given by the husband were executed in Iowa, were payable in Iowa and the Andersons lived and maintained their home in Iowa during that time and up to the time of their deaths; that

the wife knew the loans were being made and the funds deposited in the joint checking account and later used for payment of the family necessaries and knew her husband had executed the notes; that by Section 597.14 of the 1962 Code of Iowa, as construed by the Supreme Court of Iowa, the husband and wife are jointly liable for the payment of family necessaries and under said laws Hilda Anderson and her estate are liable for the payment of the notes. The trial court sustained a motion to dismiss plaintiff's complaint on the ground of plaintiff's failure to state a claim upon which relief could be granted in that the Iowa statute did not include money advanced or loaned to the husband and thereafter used to pay family expenses. The appeal is from this ruling.

Demurrers having been abolished, a motion to dismiss now provides an expeditious remedy to test the legal sufficiency of a pleading and deals with questions of law arising thereon. SDC 1960 Supp. 33.1002 and Hauck v. Bull, 79 S.D. 242, 110 N.W.2d 506. ·For the purpose of a motion· to dismiss, like that of a demurrer, the court must treat as true all facts as properly pleaded in the complaint. Hirning v. Forsberg, 49 S.D. 46, 206 N.W. 471. It does not admit conclusions of the pleader either of fact or law. Section 597.14 of the 1962 Code of Iowa, which is quoted in plaintiff's complaint, reads:

> "Family expenses. The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

In substance it has been in Iowa statutes since 1851, except earlier statutes did not qualify the family expense to be reasonable and necessary as does present § 597.14. See Code, § 2214 quoted in Davis v. Ritchey, 55 Iowa 719, 8 N.W. 669. Plaintiff states the liability of a husband and wife under the statute is statutory and not contractual. If that were so plaintiff is not entitled to recover as the action here is not for the reasonable and necessary expenses of the family but on certain specified notes signed only by the husband.

Plaintiff contends the notes, being made in Iowa by an Iowa resident and to be performed in Iowa, are to be construed according to the laws of Iowa as to the construction, validity and enforcement as indicated in First National Bank of Sibley, Iowa v. Doeden, 21 S.D. 400, 113 N.W. 81. Defendant makes no argument as to this rule and accepts the application of it here. Applying Iowa law plaintiff claims a wife may be held liable for the money borrowed by her husband when it was borrowed for the purpose of using it to pay family expenses and was so used. The Supreme Court of Iowa was presented with the precise issue in Davis v. Ritchey, supra, where it wrote:

"The question, then, is whether borrowed money can be regarded as a family expense, if borrowed for and used in obtaining things which, if obtained on credit, would be an expenditure for the family. We think not. The statute was enacted for the benefit of the husband or wife, and person from whom the things constituting the family expenses were obtained, to the end that credit could be obtained and extended for something essential, necessary, or convenient, or so deemed by the husband or wife, to be used in or by the family. Money cannot be so used. Therefore it cannot be a family expense, even if borrowed for the family. It may be, and in the present case was, used to procure what, if obtained on credit, would have been a family expense. But the provisions and medicines procured with the money were paid for. Such amount, therefore, cannot be a charge against any one, so that if the plaintiff recovers it is for money borrowed by the defendant's husband, which it is sought to be charged on her separate property, and which she at no time, or in any manner, obligated herself to pay."

Plaintiff admits the Ritchey decision has not been expressly overruled, but argues other opinions have in some respects modified it. These cases are distinguishable. The court in Sherman v. King, 51 Iowa 182, 1 N.W. 441, denied recovery from a

wife on a note given by a husband in payment of money which the plaintiff had paid in settlement of an indebtedness owing for family expenses for the reason there was no assignment to the payee of the account incurred for these family expenses. Later it held a judgment against a husband for family expenses assigned to a third person enforcible against a wife without the necessity of a separate assignment of the original claim. Frost v. Parker, 65 Iowa 178, 21 N.W. 507. While recognizing a husband might give a note to a person furnishing such necessary family expenses, the court in McCartney & Sons' Co. v. Carter, 129 Iowa 20, 105 N.W. 339, 3 L.R.A.,N.S., 145, said the note is not conclusive on the wife either as to the existence of such a debt or as to the amount, that the giving of the note did "not release the wife from liability for the original indebtedness." These actions were by the persons who actually furnished the family expenses or their assignees who succeeded to their rights.

 Thomas v. State, 241 Iowa 1072, 44 N.W.2d 410, held a wife liable for old age assistance furnished her husband under a different statute (§ 249.20 of Chapter 249, Code of 1946, I.C.A.) making her liable therefore, Section 597.14 not being mentioned in the opinion. Iowa Methodist Hospital v. Utterback, 232 Iowa 739, 6 N.W.2d 284, only held hospital services rendered a husband were "family expenses" for which a wife was liable even though the husband had deserted her. For the reasons stated in Davis v. Ritchey, Hilda Anderson was not liable on the notes nor for money borrowed by her husband and later used for family expenses. That she knew the money was borrowed and then used for that purpose adds nothing to plaintiff's claim. In Ritchey it was alleged she was present when her husband, who was unable to work, solicited the loan of money, remained silent and did not object to it or her liability therefor as his wife and the money borrowed was used for the purchase of medicines, provisions and necessaries of the family. That August A. Anderson made representations to the bank that he was owner of certain land to which title was vested in him and his wife as joint tenants did not create liability of the wife on the notes or an estoppel to deny such liability when none existed under Iowa law.

We have, however, dealt with the issues on the appeal as the parties have presented them and conclude the trial court was correct in dismissing the action. The judgment appealed from is affirmed.

HANSON, P. J., and RENTTO and HOMEYER, JJ., concur.

ROBERTS, J., concurs specially.

ROBERTS, Judge (concurring specially).

This is an action at law brought in the Circuit Court of Union County by plaintiff bank claiming to be the holder of promissory notes signed by August A. Anderson against the estate of his deceased wife. The trial court rendered judgment dismissing the action.

It is the established rule that the law of the place where a contract is made or entered into governs with respect to its validity, obligation, and interpretation. Briggs v. United Services Life Insurance Co., 80 S.D. 26, 117 N.W.2d 804. The notes here were executed in Iowa. The issue presented is whether an action may be maintained and recovery had in the courts of this state because of rights conferred under a statute of Iowa, quoted in the majority opinion, imposing a charge or lien for certain family expenses and education of children "upon the property of both husband and wife, or either of them" and providing that in relation thereto the husband and wife "may be sued jointly or separately."

A statute of one state cannot create a lien on property in another state. 53 C.J.S. Liens § 5. The Iowa statute otherwise authorizes a procedure for the enforcement of rights thereunder and in that respect is clearly remedial in character, rather than substantive. The law of the jurisdiction in which relief is sought controls as to all matters pertaining to remedy and procedure. 15A C.J.S. Conflict of Laws § 22(1); Knittle v. Ellenbusch, 38 S.D. 22, 159 N.W. 893. This action in my opinion does not involve a conflict of laws issue and it is not necessary to consider and determine what the courts of Iowa may hold concern-

ing rights created by this lien and direct action statute. The complaint does not state a cause of action under the laws of this state. For these reasons I concur in affirmance of the judgment.