THE J. I. CASE THRESHING MACHINE CO. v. MERRILL ET
AL., DEFENDANTS, AND MANLY, INTERVENOR.

1. **Attachment**: INVALID LEVY: WAIVER BY INTERVENOR. Where the
officer's return of a writ of attachment was insufficient to show a valid
levy, but the records of the case showed that the intervenor had con-
sented that the property should remain in the custody of the sheriff, and
that she had joined in a delivery bond for the same, *held* that she thereby
waived the insufficiency of the levy, and that the court erroneously ex-
cluded the record of such consent and the delivery bond, when offered by
plaintiff to sustain the sheriff's right to the possession of the property.

*Appeal from O'Brien Circuit Court.*

TUESDAY, APRIL 20.

ACTION commenced before a justice of the peace. An
attachment was issued thereon, and certain oats levied upon.
Olive Manly, wife of the defendant, whose property was
attached, intervened, claiming to own the oats. There was a
judgment for intervenor before the justice, and a like judg-
ment upon appeal to the circuit court. Plaintiff appeals to
this court.

*H. H. Crow,* for appellant.

*Emmes & Bailey,* for appellees.

BECK, J.—I. Upon the trial in the circuit court, the
intervenor and her husband having testified, substantially,
that the oats attached and claimed by her were raised by her
on her husband's land under an oral agreement with him, the
plaintiff moved the court to instruct the jury to find for the
plaintiff against the intervenor. The motion was overruled,
and thereupon the intervenor moved the court to instruct the
jury to find for her, on the ground that she had established
ownership of the property, and the plaintiff had shown neither
ownership nor right of possession, the return to the writ of

attachment showing no valid levy upon the property. Before decision upon this motion, the plaintiff offered to introduce, among other evidence, a delivery bond, executed by the intervenor, her husband and another to the sheriff, given for the release of the property attached, and an entry in the record of the case showing that the oats, upon consent of parties, were turned over to the sheriff. The entry was made before the delivery bond was executed. But the circuit court refused to admit the evidence, and sustained the intervenor's motion for instruction, and directed the jury to find for the intervenor, and assess her damages at $140, the value of the oats as agreed upon by the parties.

The proceedings of the circuit court just stated are clearly erroneous. Whatever may have been the irregularities or defects in the return of the constable to the attachment, they were waived by the intervenor's acquiescing in the levy, and consenting to the oats being put in the possession of the sheriff. His custody, by this consent, became sufficient, and this the intervenor admitted by executing a delivery bond for the release of the oats, as authorized by law. The court erred in not admitting the delivery bond and the record of consent in evidence, if, indeed, they were not, to be regarded as before the court as evidence without any formal introduction, being of the records of this very case.

We are authorized to presume from the record that the circuit court held that the levy of the attachment was invalid, and therefore that plaintiff had shown no right of the sheriff to hold the oats under the attachment. The evidence offered established that right, and should have been admitted. Plaintiff's motion to instruct did not waive its right to submit the evidence, and the record shows no reason for excluding it.

II.    It is insisted that the evidence of the intervenor and her husband shows her right to the property. This we are not prepared to admit. But be that as it may, the case was not ready for submission until plaintiff had an opportunity

to submit the evidence. After that had been done, questions of the good faith and sufficiency of the transaction between the intervenor and her husband to pass to her the right to the property, the effect of the assent of the parties to the delivery of the oats to the sheriff, and the execution of the delivery bond, all were for consideration of the jury, under proper instruction of the court.

For the errors pointed out the judgment of the circuit court is

REVERSED.