THE NEW HAVEN LUMBER COMPANY v. RAYMOND *et al.*

1. Attachment : IRREGULARITIES : WAIVER BY DELIVERY BOND. The execution of a delivery bond given for attached goods, under section 2996 of the Code, is an admission that the goods have been attached, and irregularities in the attachment cannot be relied upon to defeat an action on the bond. (See cases cited in opinion.)

2. ——— : DELIVERY BOND : ACTION ON : EVIDENCE : JUDGMENT IN ATTACHMENT CASE. In an action on a delivery bond given for attached goods, a judgment rendered against the defendant in the attachment case is admissible in evidence though it does not recite that the attachment was confirmed. (See *Waynant v. Dodson*, 12 Iowa, 22.)

3. ——— : ——— : FILING WITH CLERK. Section 2996 of the Code, requiring delivery bonds given for attached goods to be filed with the clerk of the court, is directory merely, and a failure to file the bond does not discharge the obligors.

4. Instructions : POINT MADE IN PLEADINGS BUT ELIMINATED FROM CASE. An amendment to the answer set up certain facts as a partial defense, to which plaintiff made no reply ; but before the filing of the amendment the court had excluded evidence of the facts pleaded in the amendment, on the ground that they did not constitute a defense, and to the ruling of the evidence no exception was taken. *Held* that the issue presented by the amendment was thus laid out of the case, and that the court properly refused to submit it to the jury.

*Appeal from Clarke District Court.*—HON. R. C. HENRY, Judge.

FILED, DECEMBER 19, 1888.

ACTION at law to recover judgment upon a delivery bond executed by the defendants for the release of certain personal property which was attached in an action by the plaintiff against one A. W. Raymond. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

VOL. 76—15

*M. L. Temple* and *W. M. Wilson*, for appellants.

*McIntire Bros.*, for appellee.

ROTHROCK, J.—I.   It appears that the property in question consisted of certain household goods which had been used by A. W. Raymond as his own.   He resided at Osceola, in this state. The goods were packed and boxed, and placed in a car preparatory to a removal to Dakota territory.   They were taken on their way as far as Des Moines, and the car was side-tracked.   A levy of an attachment was made by the sheriff of Polk county upon the goods, and within a short time thereafter the bond upon which this suit was brought was executed by the defendants; whereupon the sheriff released the goods, and they were transported to Dakota, where the said A. W. Raymond removed, and now resides.   The bond is what is known as a "delivery bond."   It is recited therein that certain household goods, consisting principally of bedsteads, bedding, bureaus, carpets, mirrors, pictures, dishes and silverware, had been attached as the property of A. W. Raymond on a claim against him by the New Haven Lumber Company, and that D. R. Raymond had made affidavit claiming a first interest and lien on said goods by virtue of a chattel mortgage on the same.   The condition of the bond is that if said attached property shall be delivered to the sheriff to satisfy any judgment which may be obtained against the defendant in said suit, then the bond shall be void.   The bond was given in pursuance of the provision of section 2996 of the Code.   The question really tried by the district court was whether a certain chattel mortgage executed by A. W. Raymond to the defendant D. R. Raymond was a valid lien upon the goods as against the plaintiff, who was a creditor of A. W. Raymond.   The plaintiff claimed that it was fraudulent and void, and made to hinder, delay and defraud creditors

*1. ATTACHMENT: irregularities: waiver by delivery bond.*

The plaintiff introduced in evidence a transcript of the writ of attachment, with an amended return thereon, made by the sheriff long after judgment was rendered, and after this suit was commenced. The defendants objected to the same as evidence, because the writ of attachment did not appear to be under the seal of the court, and because there was no authority to make an amended return. These objections were overruled. The execution of the bond and the release of the property must be regarded as a waiver of any prior irregularities in the attachment proceedings. *Case Threshing Machine Co. v. Merrill*, 68 Iowa, 540; *Budd v. Durall*, 36 Iowa, 315. These rulings of the court were correct. The defendants ought not to be permitted to give a bond wherein it is recited that the property was held by the sheriff upon attachment, and afterwards deny that fact.

II. The plaintiff introduced in evidence the record of a judgment against A. W. Raymond as the foundation of the right to a recovery on the bond. It was objected that the judgment was not shown to be a judgment in the original attachment suit. This objection was without merit.

2: ——: delivery bond: action on: evidence: judgment in attachment case:

It is claimed that the judgment was incompetent as evidence, because it showed that the attachment was abandoned for the reason that it was not confirmed by the judgment. This was unnecessary. *Waynant v. Dodson*, 12 Iowa, 22.

III. Section 2996 of the Code requires that the bond shall be filed with the clerk of the court. It is urged that there was no evidence of such filing. This is merely a directory provision of the statute in no manner pertaining to the validity of the bond. Moreover, the presumption should obtain that the officers did their duty, and that the bond was in fact filed. Other objections are made to the proceeding by the sheriff in making the levy, which are without merit. They were all waived by giving the bond.

3. ——: ——: filing with clerk.

The New Haven Lumber Co. v. Raymond.

IV. Objections were made to the rulings upon the admission and exclusion of evidence. We think there was no error in this respect.

V. The trial of the cause was commenced in the court below on the seventeenth day of February, 1887, **4. Instructions:** and on the next day, and pending the trial, **point made in pleadings,** the defendants filed an amendment to their **but eliminated from** answer, in which they averred that certain **case.** articles of the household goods in controversy were the property of D. W. Raymond, not by virtue of the chattel mortgage, but by original and independent purchase. There was no reply to this amendment, and no mention was made of this claim in the charge of the court to the jury. It is urged that this omission in the instruction was erroneous. At first view this would seem to be correct. But it appears, by an abstract filed by appellee, which is not denied, that before this amendment was filed the defendants offered to introduce evidence of an independent ownership of some of the goods, but objection was made upon the ground that the notice required by section 1 of chapter 45 of the Laws of 1884 had not been given; and the court held that such notice was necessary, and no exception was taken to this ruling, and when the amendment was afterwards filed it did not aver such notice. It will thus be seen that the question as to ownership, other than under the chattel mortgage, was out of the case, and it would have been improper to have instructed the jury upon that feature of the controversy between the parties.

Other objections are made to the charge to the jury. They do not appear to us to demand special consideration. We find no error in the instructions, and we are not disposed to disturb the judgment, on the ground that the evidence did not warrant the jury in finding that the mortgage was fraudulent as to creditors.

AFFIRMED.