THE BROWN SHOE COMPANY, Appellant, v. FRANK HUNT.

**Innkeeper's Lien.** The lien given by Acts Eighteenth General Assembly, chapter 18[1], section 2, to hotel keepers, on all property "belonging to or under control of their guests, which may be in such hotel," and so forth, attaches to sample goods carried by a traveling salesman, though the hotel keeper knew, when he received the salesman as a guest, that the goods belonged to his employer.

CONSTITUTIONAL LAW. Said act is not unconstitutional as depriving the owner of his property without due process of law, since it makes no provision as to how the lien shall be enforced, but simply provides for the lien and for possession under it.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

THURSDAY, OCTOBER 28, 1897.

*Lynn & Foley* for appellant.

*S. J. Quincy* and *Wright & Hubbard* for appellee.

KINNE C. J.—I.   This cause was determined upon the following agreed statement of facts: "This is an action in replevin, in which the Brown Shoe Company, a corporation organized under the laws of the state of Missouri, is plaintiff, and Frank Hunt, of Sioux City, Iowa, is defendant.   That immediately prior to and within the last two years before the commencement of this action, the defendant was the agent and general manager of and for Lola M. Hunt, the proprietor of the New Oxford Hotel, in Sioux City, Iowa.   That said hotel was kept for the general accommodation of the general traveling public.   That one M. K. Sheehan applied for and was furnished meals, lodgings, extras, and accommodations usually furnished the general public at inns and hotels as a guest of said hotel, which said accommodations were furnished by defendant.   That said accommodations so furnished were of the value of $68.60, all of which remains due and unpaid.   That, at the time the accommodations for which defendant claims a lien were furnished to the said M. K. Sheehan, the said Sheehan was the authorized traveling agent and salesman of the plaintiff and engaged in the prosecution of its business; and that the goods described in plaintiff's petition, and taken under the writ of replevin herein, were the samples of stock and the cases containing the same furnished by the plaintiff to the said M. K. Sheehan, for his use in the prosecution of the plaintiff's business.   That the amount

charged against the said M. K. Sheehan, and for which
defendant claims a lien upon the goods in controversy,
is the fair and reasonable price of the accommodations
furnished by the defendant to the said M. K. Sheehan.
That, at the time the said M. K. Sheehan became a guest
of said hotel, the property and goods described in the
petition were in his actual possession and under his
control in said hotel, and remained in his possession
and under his control in said hotel up to the time when
said M. K. Sheehan departed therefrom, and said goods
and chattels remained at said hotel until the same were
taken under the writ of replevin issued in this action.
That the defendant took possession of said goods and
chattels described in the petition, and held possession
thereof as security for the accommodations furnished
to said M. K. Sheehan at said hotel as a guest thereof,
and does not claim to have any other or further interest
in said goods and chattels, except that defendant claims
he is entitled to a lien thereon for the value of the
accommodations so furnished to the said M. K. Shee-
han, under the statutes of this state. That the said goods
and chattels were such at all times the property of
plaintiff, and were at the time the said defendant took
possession thereof. That plaintiff's ownership of said
goods was well known to the defendant while said M.
K. Sheehan was a guest at said hotel, and at the time he
took possession of the same. That the plaintiff, before
the commencement of this action, demanded the pos-
session of said goods and chattels. That the value of
said property is as stated in the petition. That the
goods and chattels described in plaintiff's petition were
taken under the writ of replevin in this action, and
delivered to the plaintiff, and have ever since remained
in the possession of the plaintiff. That, in case the
plaintiff recovers in this action, it is entitled to the
possession of said property, and judgment against the

defendant for costs. That, in case defendant prevails in this action, he is entitled to a judgment against the plaintiff, and upon the replevin bond filed in this action and the securities thereon, to the amount of $68.60, and costs of this action." The cause was tried to the court and a judgment entered in favor of the defendant, and against the plaintiff, for sixty-eight dollars and sixty cents, and for costs, from which plaintiff appeals.

II.    Our statute provides: "All hotel, inn or eating-house keepers, shall have a lien upon and may take and retain possession of all baggage and other property belonging to or under the control of their guests, which may be in such hotel, inn or eating-house, for the value of their accommodations and keep, and for all money paid for or advanced to, and for such extras and other things as shall be furnished such guest, and such property so retained shall not be exempt from attachment or execution to the amount of the proper and reasonable charges of such hotel, inn or eating-house keeper against such guest, and the cost of enforcing the lien thereon." Acts Eighteenth General Assembly, chapter 181, section 2. It appears from the statement of facts that defendant knew that the goods upon which he claims a lien did not belong to his guest, but were the property of the plaintiff. It is therefore contended that his inn keeper's lien did not attach to them. Counsel cite several cases in support of such contention. They were cases where the lien claimed was the common law lien, and not one created by the statute. This applies also to the claim that the goods were not of such a character as to be considered as for the convenience or comfort of the guest, but rather such as enabled the guest to carry on a trade or business. The common law doctrine that the inn keeper could have no lien as against the property of third parties, he knowing their ownership when he received

the guest and the property, has been changed by our statute. Under our statute, the inn keeper may "take and retain possession of all baggage and other property belonging to or under the control of their guests, which may be in such hotel or inn." Clearly, the legislature intended by the words used to give a lien, not only upon the property in fact belonging to the guest, and which was in the hotel or inn, but likewise a lien upon property placed therein which was under the guest's control. The guest in this instance was a traveling man, selling goods by sample, and the lien is claimed upon these sample goods and the receptacles in which they were contained. These goods were used in the prosecution of his business as a salesman. The nature and character of his occupation were such that plaintiff must be held to know he would be compelled to stop at hotels or inns, and that, in the proper prosecution of his avocation, he would need his sample goods in such hotels or inns. The statute clearly covers such goods as they were, under the control of the guest.

III. The statute is not unconstitutional. It does not deprive the owner of his property without due process of law. It simply provides for a lien and a possession, and makes no provision as to how the lien shall be enforced. The judgment below is AFFIRMED.