H. H. Quinn, Appellee, v. J. H. Mumm, Appellant.

**LANDLORD AND TENANT:** Attachment—Delivery Bond—Validity. A delivery bond, *though not provided for by law,* by which defendant in landlord's attachment obtains possession of the attached property, conditioned "that he will deliver the property or its value in satisfaction of any judgment which the landlord might obtain in the action," is enforceable as a common-

law bond, *without any showing that the landlord actually had a lien on the property attached.*

**BONDS:** Requisites and Validity—Common-Law Bonds. Bonds
2  when neither provided for nor prohibited nor condemned by
   public policy may nevertheless be valid and enforceable as
   common-law obligations.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

### DECEMBER 11, 1917.

THE opinion states the case.—*Affirmed.*

*Ruymann & Ruymann,* for appellant.

*Scott & Scott,* for appellee.

WEAVER, J.—In March, 1915, plaintiff
1. LANDLORD AND herein began action to recover from one
TENANT: at-
tachment: de- Adolph Mumm a sum alleged to be due and
livery bond:
validity. unpaid on account of rent of real property,
and in aid of his claim sued out a landlord's
writ of attachment, which was levied upon certain personal
property. The said Adolph Mumm resisted the claim, and,
desiring to relieve the property from the lien of the levy
before the cause came on for trial, delivered to the sheriff
his bond with the present defendant as surety thereon,
conditioned that, if the attachment defendant should there-
after redeliver to the attachment plaintiff or to the sheriff
or other person lawfully entitled thereto, the property
which had been attached, or its money value, for the purpose
of satisfying any judgment plaintiff might recover in that
action, then the bond should become void; otherwise, to
remain in full force and effect. The bond was accepted
and the property released to the attachment defendant.
Upon trial of the attachment case, the plaintiff recovered
judgment against Adolph Mumm for the sum of $71.52,
with costs taxed at $125.10. Thereafter, said Adolph Mumm
paid the sum of $79.52 upon the judgment, and, as he failed

to pay or satisfy the remainder of the recovery, the plaintiff brought this action upon the delivery bond.

The petition states the facts hereinbefore recited, sets out the delivery bond, and demands judgment thereon. The answer filed is simply a denial of each and every allegation of the petition. The cause was submitted upon a stipulation or agreed statement of facts, the same being substantially as hereinbefore stated, together with a copy of the lease upon which the original action was brought. The court found for the plaintiff, and rendered judgment against defendant for the amount due and unpaid on the recovery in the attachment proceeding, and the defendant appeals.

2. BONDS: requisites and validity: common-law bonds.

The defense, if we understand counsel, is based on the proposition that the statute which provides for a delivery bond for the release of attached property has no application to proceedings to enforce a landlord's lien, and therefore no action will lie upon such obligation. Such defense is clearly without merit. The same objection was raised in *Painter v. Gibson*, 88 Iowa 120, involving a very similar state of facts, and it is there said that, although the statute does not provide for the giving of a delivery bond in landlord's attachment proceedings, it is still "the well-settled law in this state, however, that a bond not provided for by statute may be valid as a common-law obligation, if not in violation of a statute, nor contrary to public policy." The same thing was held in *Garretson v. Reeder*, 23 Iowa 21. And why should not such bond be held good? The defendant desired to release the. attached property, and for that purpose tendered the bond to return it to the officer or pay its value in satisfaction of any judgment plaintiff might recover in that proceeding. His offer was accepted, and the property released. He thus received full consideration for his promise. The condition

of the bond has confessedly been broken, and there is and should be no principle of law which will enable him to escape the fulfillment of his undertaking. There is certainly no statute or principle of public policy which excuses a man from the performance of his voluntary promise when made upon adequate consideration. But it is said that the landlord could not subject the property to his claim unless he had a lien upon it, and there is here no showing that he had such lien. This plea is unavailing in an action upon the bond. Defendant recognized the fact that an attachment had in fact been levied on the property, and, in consideration of having the property released, he promised to return it in kind or its money value in discharge of plaintiff's judgment, and this was a waiver of any irregularity in the attachment. *Case Threshing Machine Co. v. Merrill,* 68 Iowa 540; *New Haven Lumber Co. v. Raymond,* 76 Iowa 225. Whether, had the property been returned to the officer, pursuant to the terms of the bond, the defendant could have then interposed objection to its sale under the writ, on the ground that it was not subject to the landlord's lien, we need not consider or decide, as it is not presented by the record.

The trial court was right in the premises, and the judgment appealed from is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.