CLYDE E. BRENTON, Appellant; v. N. LEWISTON et al., Appellees.

ATTACHMENT: Bond to Discharge—Failure of Clerk to Approve—Effect. The court acquires no jurisdiction of a surety on a bond to discharge an attachment when the bond is executed *after* the sheriff has levied the writ and made his return thereon to the clerk, and the bond is not approved by said *clerk*, as required by statute. It follows that a default judgment against the surety, under such circumstances, is properly set aside, on timely motion.

Headnote 1:   6 C. J. pp. 333, 337.

*Appeal from Boone District Court.*—G. D. THOMPSON, Judge.

NOVEMBER 22, 1927.

Appeal from an action by the district court, setting aside default judgment against sureties on a bond to discharge an attachment.—*Affirmed.*

*C. E. Hunn, H. S. Hunn,* and *Guy H. Hall,* for appellant.

*F. Hollingsworth* and *L. V. Harpel,* for E. I. Rundel, appellee.

KINDIG, J.—Presented here for consideration is the question of whether or not the district court properly set aside a default judgment against the appellee Rundel. That involves a determination of the issue concerning the appearance or non-appearance in the cause by said appellee through the execution of a bond to discharge an attachment.

Preliminary facts leading up to the pivotal point first demand attention. Appellant, on December 4, 1922, filed his petition in Boone County, seeking to recover certain rents from N. Lewiston, Ellen J. Lewiston, and Ralph Lewiston, defendants therein, and prayed for the issuance of a writ of landlord's "attachment" against the property of said alleged debtors. Accordingly, the requested legal process duly issued, and levy was timely made by the sheriff upon the designated chattels. Meanwhile, on January 6, 1923, the Lewistons filed answer and counterclaim in said proceedings. Then, on April 9th, in said year, for the purpose of discharging the "attachment," under authority of Section 3907 of the Code of 1897, a written undertaking was executed by the three Lewistons, as principals, with John D. Skyles and appellee E. I. Rundel sureties. Thus executed, said written obligation was delivered to the sheriff after he had made return of the "writ" to the office of the clerk. Upon receipt of the contract of suretyship, and without filing the same with or obtaining said clerk's approval thereof, the sheriff mechanically redelivered this sequestered personalty to said tenants. Delay ensued, and finally, as late as January 4, 1926, the district court entered an order to the effect that the case would be dismissed "if trial notice is not filed for next term of court." So, on March 16, 1926, appellant appeared for trial. None of the defendants was present. In fact, N. Lewiston had died. No administrator was made a substitute party. After hearing, judgment by default was entered against Ellen J. Lewiston, Ralph Lewiston, John D. Skyles, and the appellee E. I. Rundel. Following this, March 31st, in said year, during the same term, the appellee entered a special appearance, and moved the setting aside of said "default" and vacation of the judgment. Substituted motion with accompanying answer was later made, on April 14th in said year. Testimony on this phase of the controversy was taken on the 21st of the same month, resulting in the court's order granting the relief.

Such is the error complained of.

I.   Code of 1897 provides:

"Section 3907.  If the defendant, at any time before judgment, causes a bond to be executed to the plaintiff with sufficient sureties, to be approved by the officer having the attachment, or after the return thereof by the clerk, to the effect

that he will perform the judgment of the court, the attachment shall be discharged, and restitution made of property taken or proceeds thereof. The execution of such bond shall be deemed an appearance of such defendant to the action."

"Section 3908. Such bond shall be part of the record. If judgment go against the defendant, the same shall be entered against him and sureties."

Manifestly, if the district court had jurisdiction of the "sureties," it was because of said legislative enactments and the "execution" of said "bond." Fundamentally, the purpose of that agreement is to protect the plaintiff, because, without his consent, the "attachment," by operation of law, in the premises is "discharged." Brenton, the appellant, in other words, assumed the position of an innocent bystander. A lien, or perhaps more properly a sequestration, had been by him obtained. Said acquired right could not be violated or ruthlessly cast aside. While a method of convenience was extended the defendants, it could not be enjoyed unless, as a condition precedent thereto, appellant's interests were duly and adequately maintained and guarded. Accomplishment of this safeguard was the "bond" for the "discharge."

Until meeting this necessity, there was no "discharge" of the "attachment." Another preliminary is essential: it is that the "bond" be approved by the "clerk." The defendants otherwise would have the appellant at their mercy. For he cannot object to the "discharge," and the privilege of accepting or rejecting the "bond" is not granted him. To prevent oppression at this point, the "clerk" must act, and until said official performs his duty in this regard, there is no "discharge." We said in *Fidelity & Dep. Co. v. Bowen*, 123 Iowa 356:

"As the bond is for the protection of the plaintiff, the object of the approval must be to assure to him security equal in value to that which might have been obtained by the levy of the writ of attachment. Another purpose subserved is that, by exacting specific approval, mistakes in receiving bonds executed by persons of doubtful responsibility are thereby more likely to be avoided. It is a condition to the acceptance of the bond by the officer, however, without which, in the absence of a waiver, the attachment is not dissolved."

This function was omitted. "Approval" by the clerk was

mandatory, unless the same was waived by the plaintiff. *Fidelity & Dep. Co. v. Bowen,* supra. Claim is not made that any such relinquishment exists.

II. Due process of law must be afforded. Notice of suit and an opportunity to defend are indispensable unless there is "waiver" or a contract to the contrary. *McConnell v. Poor,* 113 Iowa 133. Appellant cites *Commercial Nat. Bank v. Faser,* 99 Neb. 105 (155 N. W. 601), but it is not in point. By appropriate language, the thought is expressed in *McConnell v. Poor,* supra, as follows:

"It is a fundamental principle in jurisprudence that every man shall have his day in court, and shall be heard in his own defense, and of this right he may not, under the laws and Constitution of this state, be deprived. For this reason, judgment against the principal may never foreclose investigation of the surety's liability, unless, by virtue of the latter's undertaking, he has obligated himself, directly or by implication, to be bound thereby."

Jurisdiction of appellee was not shown, because the "bond" was not "approved" by the "clerk," within the purview of said sections of the legislatorial act, culminating in the "discharge" of said "attachment." "Appearance" failed to result, and the "default" was properly set aside, and the judgment rightly vacated.

III. No contention is made that Sections 3907 and 3908 of the Code of 1897 do not relate to landlord "attachments," nor do we determine that at this time; but see *Painter v. Gibson,* 88 Iowa 120, and *Quinn v. Mumm,* 181 Iowa 1216. Supposing, as indicated in said authorities, there is no such application, then there is no "statutory bond," and the resulting "appearance" in the "case" would not follow.

IV. Before us is not a question of the common-law liability of these sureties, based upon legal "notice," and as to that possible responsibility we make no decision here, and do not express an opinion thereon.

V. John D. Skyles was deceased when the "default" was entered in the district court, and no administrator was substituted for him. Anyway, this surety was in the same position as the appellee Rundel. Very apparently, then, the district court committed no error in entering the same order of cancellation.

Other matters are argued, but a discussion of them will be of no avail, because of the view taken, as herein expressed.

The judgment of the district court should be, and is, affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.