## J. B. BARNES DRILLING CO. et al. v. PHILLIPS et al.

No. 24682.   Nov. 7, 1933.

Green & Farmer, for petitioners.

Leo J. Williams, for respondents.

BAYLESS, J.   There are several parties to this record who occupy the same relative positions, and it therefore becomes necessary to refer to them by name.

Price Phillips filed with the State Industrial Commission, on September 6, 1932, on form No. 3, prescribed and furnished by the State Industrial Commission, an "employee's first notice of injury and claim for compensation."   In the information furnished by this notice it was stated that the employer was "Moon Casing Crew," and in the caption the insurance carrier was named as "Public Indemnity." The Moon Casing Crew and the Public Indemnity filed an answer containing a general denial and specific denial that the employment was hazardous or that the injury arose out of and in the course of the employment.

Upon notice a hearing was held at Oklahoma City on March 24, 1933, at which hearing Phillips appeared in person and testified in detail about the accident and the injury. He was asked the name of his employer, and in answer thereto he testified: "The Moon

Casing Crew and J. B. Barnes Drilling Company."

He testified further as to the details of the injury and the employment. The hearing was then closed without record comment as to why or what further steps were to be taken.

A partially complete notice of hearing, captioned:

"Price Phillips, Claimant, v. Moon Casing Crew, Public Indemnity, Respondents. J. B. Barnes Drilling, Aetna Life, Insurance Carrier. No. A-73308.

"Date of Injury July 26, 1932."

—dated March 25, 1933, unsigned and addressed "to all to whom these presents shall come," of a hearing to be held at Oklahoma City, April 7, 1933, appears in the record. No showing is made of its service upon anyone.

A hearing was had on April 7th, and according to the recitals of the transcript, "said cause having been submitted on the testimony offered on March 24, 1933, but continued on motion of the Commission to make the J. B. Barnes Drilling Company and the Aetna Life Insurance Company parties to this cause. * * *" At this hearing C. A. Johnson, attorney for the Aetna Life Insurance Company, was used as a witness in an effort to disclose the relationship existing between his company and J. B. Barnes Drilling Company. The summary of his testimony is that his company was carrying insurance for the J. B. Barnes Drilling Company at the time of the hearing, but that he had no information or knowledge as to when it became effective. The Commission then introduced in evidence a card from its files showing that the Aetna Life Insurance Company had a policy of insurance in effect covering J. B. Barnes Drilling Company's risks on the date claimant received his accidental personal injury. As soon as this showing was made, the Commission closed the hearing and ordered the case submitted.

Based upon this record, the State Industrial Commission found the employment, the injury, the extent of the disability, and that J. B. Barnes Drilling Company and Aetna Life Insurance Company were liable for the payment of compensation, and awarded compensation.

J. B. Barnes Drilling Company and Aetna Life Insurance Company petition this court for a review of the award upon three grounds. From the view we entertain, it will only be necessary to discuss the second ground, which is as follows:

"That said order and award is wholly unsupported by any competent evidence and is contrary to any of the evidence in the record in this case properly and competently introduced."

It is elementary that awards can only be made by the State Industrial Commission in favor of a claimant and against an employer and its insurance carrier in accordance with "due process of law." We have defined "due process of law" in Oklahoma G. & E. Co. v. Wilson & Co., 146 Okla. 272, 288 P. 316, as:

"By 'due process of law' is meant an orderly proceeding, adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief. Wilhite v. Cruce, 70 Okla. 70, 172 P. 962; Pryor v. Western Paving Co., 74 Okla. 308, 184 P. 88; Cladwell v. Texas, 137 U. S. 692, 11 S. Ct. 224, 34 L. Ed. 816; Kennard v. Louisiana, 92 U. S. 480, 23 L. Ed. 478; 6 R. C. L. 434.

"One of the most often quoted definitions of 'due process of law' is that of Daniel Webster in his argument in the famous Dartmouth College Case, 4 Wheat, 518, 581, 4 L. Ed. 629, in which he declared that by 'due process of law' is meant, 'A law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.'

"The essential elements of due process of law are:

"(1) Notice.

"(2) An opportunity to be heard.

"(3) An opportunity to defend.

"(4) An orderly proceeding adapted to the nature of the case."

In this proceeding, prior to the notice of hearing above referred to, no written claim had been filed by Price Phillips with the State Industrial Commission against J. B. Barnes Drilling Company and Aetna Life Insurance Company, no notice of a hearing upon any issue between Price Phillips and them had been given to them, no opportunity to appear and be heard had been given to them, and no opportunity to defend. They were present on April 7, 1933, according to the recitals of the transcript and the award, without a written claim by Phillips having been filed with the Commission against them, to attend a hearing to determine whether they should be made parties to the proceeding. According to the transcript of the proceeding above quoted, the evidence contained

therein was the only evidence introduced at a hearing at which they were present. Without ever having been called upon to defend the claim, if one was asserted against them; without ever having been confronted with the witnesses or having been accorded an opportunity to participate in the trial of the matter on the merits of a claim; without any evidence having been introduced at the hearing of April 7, 1933, to show their connection with the matter, the Commission proceeded, on April 14, 1933, to enter an award against them holding them liable for the compensation due to Price Phillips. This award was either made upon no evidence at all, or upon the evidence taken March 24, 1933, before they were parties to the action and considered without their knowledge or consent, and therefore clearly incompetent as against them.

The award is vacated and the case is remanded to the Commission for further proceedings not inconsistent with this opinion.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS McNEILL OSBORN, BUSBY, and WELCH, JJ., concur.