## AETNA LIFE INSURANCE CO. et al. v. PHILLIPS et al.

No. 25539.   Sept. 25, 1935.

Pierce, Follens & Rucker, for petitioners.

Leo J. Williams and Paul L. Arnold, for respondents.

PHELPS, J. This appeal is an outgrowth of the case of J. B. Barnes Drilling Co. v. Phillips, 166 Okla. 154, 26 P. (2d) 766, wherein an award of the State Industrial Commission in favor of the respondent herein, who was claimant before the Commission, was vacated and the cause remanded, with directions to proceed to take evidence as on an original application. The essential facts recited in that opinion are that claimant filed his claim with the Commission, named the employer as "Moon Casing Crew" and insurance carrier as "Public Indemnity," and that upon hearing the Commission made the J. B. Barnes Drilling Company and the Aetna Life Insurance Company (petitioners) parties to the cause.

but failed to serve proper notice of hearing upon them, and entered an award against them based upon evidence taken at a previous hearing at which they had not been present. They then filed their original action in this court to review said award, and it was held in the above opinion that they had been denied due process of law by the entering of the award against them, based on evidence taken at a hearing in their absence and before they had been made proper parties to the proceeding.

When the Commission received the mandate of Barnes Drilling Co. v. Phillips, supra, another hearing was held, upon notice to the parties, at which hearing evidence was taken and the Commission entered its award of compensation against the petitioners herein, the Barnes Drilling Company and the Aetna Life Insurance Company.

The petitioners now contend that the award against them is void and that the Commission had no jurisdiction to enter such award, on account of the fact that the claimant had not filed with the Commission his claim for compensation within one year after the injury, naming them as the employer and insurance carrier.

It appears to be true that the claimant did not specifically name the petitioners in his claim for compensation. However, the claim was filed within one year after the injury, and within that year the petitioners appeared before the Commission at a hearing to determine whether they should be made parties. Further, after the award against the petitioners (which was vacated by Barnes Drilling Co. v. Phillips, supra) they filed their appeal bond with the Commission and instituted said original action in this court, in which action they prevailed. The foregoing all took place within one year after the injury.

The portion of section 13367, O. S. 1931, which is applicable, reads:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the Commission."

The petitioners in this case had full knowledge of the nature of the claim, prior to the running of the year, appeared before the Commission within that year, and filed their bond and appealed from the award entered against them, all within the year. Should we hold that the mere failure of the claimant to expressly name the parties bars him under such circumstances, the effect would be to cause the letter of the statute to entirely obliterate its spirit and meaning. The petitioners cannot deny that within the year they were thoroughly informed of every specific thing necessary to form the basis of a valid claim; they were informed with more completeness, within the year, than would have been their information from the normal routine claim.

The only basis for the reversal of the prior award was that said award had been entered against the petitioners without their being confronted with the evidence upon which the award was based. That evidence has now been taken, and the petitioners were present and had as full an opportunity to be heard as if their names had been inserted by the claimant within the year following his injury. They had complete notice of, and recognized the fact, that respondent was claiming compensation from them, within the year. Their contentions, under the circumstances, are highly technical. The award is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.