JESSIE McALLISTER OFFE et al., Appellees, v. STATE BOARD OF SOCIAL WELFARE, Appellant.

No. 46968.

JANUARY 14, 1947.

John M. Rankin, Attorney General, and T. S. Herrick, Special Assistant Attorney General, for appellant.

Walter W. Eggers, of Clinton, for appellees.

MANTZ, J.—The plaintiffs petitioned the district court to quiet title in and to certain described real estate belonging to

plaintiffs and to set aside and cancel a claimed lien filed by the State Board of Social Welfare on account of certain old-age assistance furnished Henry C. Offe, the present husband of Jessie McAllister Offe, prior to the marriage of Henry C. Offe and Jessie McAllister Offe. Defendant denied the claims of plaintiffs, admitted the payment of old-age assistance to Henry C. Offe, the filing of the statutory lien, and claimed its priority to the claims of plaintiffs. The trial court canceled said claimed lien and quieted title in and to the plaintiffs. The State Board of Social Welfare has appealed.

I. All the facts are stipulated; no matters are in dispute. Appellant furnished old-age assistance in the sum of $1,127.30 to Henry C. Offe between the dates of June 1, 1936, and August 1, 1942, and later, pursuant to statute, properly filed a claim for such sum in the office of the county recorder of Clinton County, Iowa.

Appellee Jessie McAllister Offe was married to Henry C. Offe on November 5, 1945, and was so related when this action was started. The law dealing with the matter of old-age assistance is found in chapter 249, Code of 1946. Section 249.20 of said chapter, so far as material, is as follows:

"In any event, the assistance furnished under this chapter shall be and constitute a lien on any real estate owned either by the husband or wife for assistance and funeral benefit furnished to either of such persons. Whenever an order is made for such assistance to any person, a copy of such order shall be indexed and recorded in the manner provided for the indexing of real-estate mortgages in the office of the county recorder of the county in which the recipient lives and in which the real estate belonging to the recipient or the spouse of such recipient is situated, and such recording and indexing shall constitute notice of such lien * * * ."

The parties to this appeal argue as to the construction of such statute. When we read this statute and consider its relationship to the other parts of said chapter dealing with old-age assistance we see no need for its construction. It seems clear to us that to hold one spouse liable for old-age assistance rendered the other spouse the assistance must have been furnished during

18

the time the marital relation existed. When Henry C. Offe was paid the old-age assistance he was not the husband of Jessie McAllister Offe. At that time there was no legal obligation resting upon appellee Offe to support Henry C. Offe. The statutory obligation seems to be based upon the duty to support. No marital relation being in existence during the period when such aid was furnished, no lien attached to the real estate owned by appellee Jessie McAllister Offe and her grantees, the other appellees herein.

The judgment of the trial court is correct and the case is affirmed.—Affirmed.

All JUSTICES concur.