CHARLES BLOUNT et al., Appellants, v. WILLIAM E. BRADY, Administrator, Appellee.

No. 46957.

Lee R. Harding, of Clinton, for appellants.

Walter W. Eggers, of Clinton, for appellee.

MULRONEY, J.—Fred and Oscar Phillips were the sons of Amelia Brown. Oscar died in June or July 1936. His mother died in January 1937, leaving a small home in Clinton, Iowa. Her will, leaving the home to Fred and Oscar, was filed for probate shortly after her death, with the clerk of Clinton county, but the will was never probated. Since Amelia Brown had no other children and left no surviving spouse her real property would go the same way by inheritance as provided by her will. Fred Phillips died in 1944. Since Oscar was unmarried, and presumably had no children, the administrator of Fred's estate started proceedings to sell the home to pay the claim of the Old Age Assistance Commission in the sum of $1,945.60 for assistance rendered to Fred. Some of the children of Fred Phillips objected to the granting of the order of sale, and one Dorothy Torres objected, claiming Oscar Phillips was her putative father and hence she was the owner of a one-half interest in the property.

In the course of the hearing on the objections, on February 7, 1946, the administrator introduced a quitclaim deed signed by Dorothy Torres and her husband conveying any interest she might have in the real estate in question to the administrator. The evidence was that the deed was signed and delivered to the administrator's attorney February 5, 1946. The evidence also showed a second quitclaim deed signed and delivered on February 6th to Charles Blount, the husband of a daughter of Fred Phillips, and one of the objectors. There was other evidence by objectors which they argue showed that Dorothy Torres was

the illegitimate daughter of Oscar Phillips. The trial court held it insufficient to establish that Dorothy Torres was Oscar's daughter. Without reviewing the testimony we state we agree with its conclusion. The trial court also held the quitclaim deed to the administrator was valid and conveyed any interest Dorothy Torres might have to the administrator and that Blount acquired no interest in the realty by the subsequent quitclaim deed. We agree with this conclusion. There was no evidence of fraud. The recited consideration of one dollar was acknowledged and in fact paid and the deed was delivered.

■ The argument that the administrator did not have the right to accept the deed is without merit. He was proceeding to sell the real estate to pay debts and the objectors were claiming Dorothy Torres owned a one-half interest in said property. He could certainly accept the written relinquishment of her claim to remove that objection to the granting of the order of sale.

■ The trial court quieted title in the administrator and ordered the real estate sold and the proceeds applied in the payment of the old-age-assistance claim. We agree with its conclusion. Since decedent took the realty under the laws of descent the same as he would have taken it if Amelia Brown's will had been probated the fact that the will was never probated was immaterial. 68 C. J. 877, section 602.

■ The objections of the children of Fred Phillips to the sale of the property, which was their father's homestead, to pay the old-age-assistance claim, are all foreclosed by what we held in In re Estate of Ragan, 237 Iowa 619, 23 N. W. 2d 521.

The cause is affirmed.—Affirmed.

All JUSTICES concur.