GILLIE THOMAS, appellee, v. STATE OF IOWA et al., appellants.

No. 47672.

(Reported in 44 N.W.2d 410)

OCTOBER 17, 1950.

Robert L. Larson, Attorney General, Charles F. O'Connor, Special Assistant Attorney General, and G. L. Norman, Deputy County Attorney, for appellants.

J. F. Hudson and Frank W. Oertel, both of Keokuk, for appellee.

MANTZ, J.—Plaintiff, Gillie Thomas, seeks to quiet title in and to certain real estate belonging to her situated in Lee County, Iowa, and to cancel a lien against the same claimed by the defendants, State of Iowa and the State Board of Social Welfare, said lien being asserted by reason of old-age assistance furnished to Oliver Thomas, the husband of plaintiff. Plaintiff pleads that said lien is not a proper charge against her real estate; that its imposition violates the State and Federal Constitutions. The defendants assert that the old-age assistance furnished the husband of plaintiff under the statute is a valid lien against plaintiff's real estate. The trial court found in favor of the plaintiff holding that the asserted lien was not a valid charge against her real estate, and ordered it canceled and held for naught. The court did not pass upon the constitutional question raised. Defendants have appealed.

I. There is no dispute in the facts—all are stipulated. Plaintiff and Oliver Thomas were husband and wife in February 1947. They had been married for some years prior to 1942.

Sometime during that year they had separated and continued to live apart, but the marital status existed in 1947 and for some time thereafter. Sometime prior to February 1947 Oliver Thomas made application for old-age assistance, as provided by chapter 249, Code of Iowa, 1946. Plaintiff knew of the application. After investigation said application was allowed and payments were made regularly to applicant and were continued from that time until the plaintiff brought this action. After February 1947 plaintiff acquired an interest in real estate in Lee County, Iowa. At the time the payments of the old-age assistance were begun, pursuant to the order authorizing the same, a copy of such order was indexed and recorded in the office of the county recorder of Lee County, Iowa, in the manner required by section 249.20, Code of 1946.

The defendants' claim is that the old-age assistance furnished Oliver Thomas was a lien against plaintiff's real estate by reason of the provisions of section 249.20 of chapter 249, Code of 1946. Such section, so far as is material here, is as follows:

"In any event, the assistance furnished under this chapter shall be and constitute a lien on any real estate owned either by the husband or wife for assistance and funeral benefit furnished to either of such persons. Whenever an order is made for such assistance to any person, a copy of such order shall be indexed and recorded in the manner provided for the indexing of real-estate mortgages in the office of the county recorder of the county in which the recipient lives and in which the real estate belonging to the recipient or the spouse of such recipient is situated, and such recording and indexing shall constitute notice of such lien."

Such order was duly indexed and recorded.

II. That Oliver Thomas and Gillie Thomas were husband and wife during the time the old-age assistance was furnished the former stands conceded. There is no claim that he was not entitled to receive such assistance. Neither is there any claim that Oliver Thomas had deserted the plaintiff, and the record has nothing to indicate the reason for their separation or which party was to blame therefor. The fact that Thomas and plaintiff lived apart would not raise any presumption that he had deserted her. So far as the record is concerned there was nothing

irregular in the proceedings whereby the old-age assistance was furnished. His wife knew of his application for old-age assistance and made no objection thereto.

The question then is: Were the payments made to Oliver Thomas a lien upon the real estate of his spouse, plaintiff, herein? The trial court ruled that no such lien existed and quieted title thereto in plaintiff and ordered such asserted lien canceled as regards such property. We are unable to agree with such ruling and decree.

III. In the findings of fact and conclusions of law the trial court stated that the facts had a "lot of equitable appeal." The court was of the opinion that during the time plaintiff and Oliver Thomas were separated the family relationship ceased to exist between them; that for all practical purposes the marriage between them had ceased to exist and that all that remained was the "mere naked relationship" of husband and wife. The court further held that the old-age assistance furnished her husband was of no benefit to plaintiff and that as she was under no legal duty to support him there could be no valid lien placed upon her property for aid furnished to him.

The provisions of the Iowa statute relating to old-age assistance are set forth in chapter 249 of the Code of 1946. Paragraphs 1, 2 and 3 of section 249.1 (subject, "definitions") of said chapter make reference to chapter 234 of said Code. Section 234.6 defines the powers and duties of the State Board of Social Welfare. That board was vested with authority "to administer old-age assistance, aid to the blind, aid to dependent children, child welfare, and emergency relief, and any other form of public welfare assistance that may hereafter be placed under its administration." It empowered the board to administer statutes involving the welfare of those who were unfortunate, improvident and unable to properly care for themselves.

It would seem that statutes having such beneficent purposes should be liberally construed and have the benefit of any reasonable presumption. Dickinson v. Porter, 240 Iowa 393, 35 N.W.2d 66. It is readily apparent from a reading of the provisions of said chapter that the objects and purposes therein contemplated are of high and prime importance along the lines of public welfare.

The existence and stability of the marital relation under our social system is of the highest importance. Consequently, the emphasis placed upon the family and its maintenance is significant. Each spouse is held liable for the expenses of such family. Section 597.14. See Vest v. Kramer, Iowa, 114 N.W. 886, 14 L. R. A., N. S., 1032; Truax v. Ellett, 234 Iowa 1217, 15 N.W.2d 361; Sager, Sweet & Edwards v. Risk, 190 Iowa 207, 180 N.W. 299, 13 A. L. R. 1393; Johnson v. Barnes, 69 Iowa 641, 29 N.W. 759.

The rule as set forth in the foregoing cases and many others we might cite is that the liability imposed upon the husband and wife is statutory and that it is to be so construed. Section 249.20, a part of which has been hereinbefore set forth, provides that where old-age assistance is furnished one spouse it shall constitute "a lien on any real estate owned either by the husband or wife for assistance and funeral benefit furnished to either of such persons."

To indicate how solicitous the legislature was of old-age assistance recipients, it provided that the lien created could not be enforced while either of such was living. This, too, was statutory.

It seems to us that if the legislature has power to charge the family expense upon the property of the husband or wife, it would likewise have the power to declare the property of either husband or wife liable for old-age assistance. To pay old-age assistance to one spouse would certainly be a benefit to the other.

Such statute (section 249.20) created a lien on the real estate of Gillie Thomas for such old-age assistance furnished during the time the marital relation existed between them. The language of the statute above-quoted is clear and free from ambiguity. Consequently we see no reason for construction. See Offe v. State Board of Social Welfare, 238 Iowa 16; 25 N.W.2d 731; Palmer v. State Board of Assessment and Review, 226 Iowa 92, 283 N.W. 415; Jefferson County Farm Bureau v. Sherman, 208 Iowa 614, 226 N.W. 182; Fry v. Fry, 125 Iowa 424, 101 N.W. 144; Iowa-Illinois Gas & Elec. Co. v. City of Bettendorf, 241 Iowa 358, 41 N.W.2d 1.

In her printed brief the plaintiff argues that as the wife

is not liable for the support of her husband, section 249.20 cannot create a valid lien against her separate property.

In the face of the statutory declaration (section 249.20) making the separate property of the spouse liable for assistance furnished her spouse during the existence of the marital relation, we see no merit to such claim. Offe v. State Board, 238 Iowa 16, 25 N.W.2d 731.

IV. Plaintiff, in argument, sets out two propositions which she relies upon for affirmance. Both are denied by the defendants. They are as follows:

1. The wife is not liable for the support of her husband, either under the common law or the statutes of Iowa. There is, therefore, no legal basis on which to rest the asserted lien of the State of Iowa against the separate property of the plaintiff-appellee.

2. Section 249.20, Code of Iowa, 1946, in so far as it attempts to create a lien against the wife's separate property for the assistance furnished the husband, is unconstitutional and void under sections 6, 9 and 18 of Article I of the Constitution of Iowa and section 1 of Amendment 14, Constitution of the United States.

Section 6 refers to the necessity that laws must be of uniform operation; section 9 states that no person shall be deprived of property without due process of law; section 18 relates to taking property by eminent domain. The Fourteenth Amendment to the U. S. Constitution, so far as pertinent here, provides that no person shall be deprived of his property without due process of law.

We can see no merit to the claim of plaintiff as set out in the first proposition. It may be conceded that the statute does not in specific terms declare that the lien is for support to the spouse; it does declare any assistance furnished such spouse shall be a lien against the real estate of the other spouse. It seems clear to us that the legislature contemplated that such aid was to go for the support and maintenance of the one to whom granted, thus contributing to such support. In the rather recent case of Offe v. State Board of Social Welfare, supra, decided in 1947, we held that the legislative enactment was based upon the duty of one spouse to support the other but that no such lien was

created unless the marital relation existed at the time the assistance was furnished. In that case we held there was no need for construction of the statute in that the various provisions were free from ambiguity and that the meaning was clear. We find two other Iowa cases wherein this particular legislative enactment has been involved. In re Estate of Ragan, 237 Iowa 619, 23 N.W.2d 521; Blount v. Brady, 238 Iowa 1, 25 N.W.2d 490. It is purely a creature of statute; it deals with a matter of deep public concern, to wit, the maintenance of the family relationship, and it seems to us it should be given a liberal construction. Attention is called to the holding of this court in the case of Iowa Methodist Hospital v. Utterback, 232 Iowa 739, 6 N.W.2d 284. In that case the wife was sued for hospital expenses for her husband. Her claim was that she and her husband were separated and living apart at the time the hospital expense was incurred; that such was not a family necessity under the statute, and further that she had brought suit against him for desertion. This court, in the face of such claim, held her liable for such expenses as family necessaries. It will be noted that nowhere in the statute is there any mention of hospital expenses being necessaries; neither is the term "support" used. As also bearing on the question of liens created by furnishing old-age assistance, see In re Estate of Ragan and Blount v. Brady, both supra.

V. We will next consider the claim of plaintiff that the provisions of the statute making the separate property liable for old-age assistance furnished during the marital relation were in violation of the State and Federal Constitutions. This claim seems to be based upon the theory that the asserted lien is imposed without notice and results in a taking of the wife's property in violation of the due-process-of-law requirements of said Constitutions. We are of the opinion that such claim is not tenable.

The chapter under which the old-age assistance is given has been in operation for many years. We do not find that its constitutionality has been challenged in this court. That the legislature intended to legislate on the subject must be presumed. Its provisions are clear and without ambiguity. It dealt with matters of vital concern to the public, and to construe the same along narrow and technical lines would impair its purposes.

 "Every law is presumed to be constitutional in the first instance. An act will not be declared unconstitutional unless its invalidity appears clearly or unless it is shown beyond a reasonable doubt that it violates some constitutional provision. The power of the court to declare a law unconstitutional is to be exercised only when absolutely necessary in the particular case and then with great caution." Dimke v. Finke, Director of Social Welfare, 209 Minn. 29, 32, 295 N.W. 75, 78. See, also, Dickinson v. Porter, supra.

In the case of Cook v. Hannah, 230 Iowa 249, 252, 297 N.W. 262, 264, this court in discussing the power of the court to declare an act of the legislature unconstitutional said:

"The power to declare legislation unconstitutional is one which courts exercise with great caution, and only when such conclusion is unavoidable. State ex rel. Welsh v. Darling, 216 Iowa 553, 556, 246 N.W. 390, 88 A. L. R. 218; Hubbell v. Higgins, 148 Iowa 36, 47, 126 N.W. 914, Ann. Cas. 1912B 822. And the presumption in favor of constitutionality is especially strong where the statute, like the one before us, was enacted to promote a public purpose, such, for example, as statutes relating to taxation. 16 C. J. S., page 275, section 99."

In the early case of Boardman v. Beckwith, 18 Iowa 292, 294, the legislature legalized the sale of certain property which had been sold for taxes which had not been authorized. It applied to various counties in the state and there was a claim, in addition to that of invalidity, that it was not uniform in operation. Such claims were denied and the act declared valid. In the opinion the court said: "The power of the legislature to pass acts of this character, conducive as they are to the general welfare, and based upon considerations of controlling public necessity, is, in our opinion, undoubted."

In discussing the constitutionality of legislative enactments, this court, in Loftus v. Department of Agriculture, 211 Iowa 566, 570, 232 N.W. 412, 415, stated:

"Unless the legislature has usurped powers prohibited by said Constitutions, the courts will not interfere. The unconstitutionality must 'plainly, clearly, and palpably appear.' Even if the constitutionality of a legislative act is doubtful, the courts will resolve the benefit of the doubt in favor of the legislature's

power. As is said in City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, at page 1117: 'There is no presumption against the validity of an act of the legislature. On the contrary, all presumptions are in its favor, and a statute will not be held unconstitutional unless its contravention of constitutional guaranties is so clear, plain, and palpable as to leave no reasonable doubt on the subject * * *.' "

The same case holds that where a litigant challenges the constitutionality of a legislative act he has the burden to show such claim. See also Stewart v. Board of Supervisors, 30 Iowa 9, 1 Am. Rep. 238.

It has long been the holding of this court that liberal construction shall be given legislative enactments with a view to promote its objects. Chiesa & Co. v. City of Des Moines, 158 Iowa 343, 138 N.W. 922, 48 L. R. A., N.S., 899; Tusant v. City of Des Moines, 231 Iowa 116, 300 N.W. 690. Code provisions must be liberally construed to promote objects and assist parties in obtaining justice. Arthaud v. Griffin, 205 Iowa 141, 217 N.W. 809; Peterson Co. v. Freeburn, 204 Iowa 644, 215 N.W. 746 (Bulk Sales law); Swisher v. Swisher, 157 Iowa 55, 137 N.W. 1076; Coggeshall v. City of Des Moines, 138 Iowa 730, 117 N.W. 309, 128 Am. St. Rep. 221; Van Horn v. Van Horn, 107 Iowa 247, 77 N.W. 846, 45 L. R. A. 93; Pierce v. Bekins Van & Storage Co., 185 Iowa 1346, 172 N.W. 191; Elks v. Conn, 186 Iowa 48, 172 N.W. 173 (Workmen's Compensation).

It is the claim of plaintiff that section 249.20 violates section 6 of Article I of the Iowa Constitution in that it lacks uniformity in its application and operation. Legislative enactments are presumed to be constitutional and the burden rests upon one attacking such enactments on such ground to so show. Dickinson v. Porter, supra, 240 Iowa 393, 398, 35 N.W.2d 66, wherein there was cited Miller v. Schuster, 227 Iowa 1005, 289 N.W. 702; Loftus v. Department of Agriculture, 211 Iowa 566, 232 N.W. 412; 16 C. J. S., Constitutional Law, section 99a. The legislation contained in chapter 249 of the Code of Iowa, 1946, had for its purpose the public welfare of certain classes of citizens and in enacting such legislation the legislature has a wide discretion. This court in Wooster v. Bateman, 126 Iowa 552, 102 N.W. 521, held that a law which applied equally to members of a class

and the classification was reasonable did not violate the constitutional provision. See also Anderson v. Jester, 206 Iowa 452, 221 N.W. 354; Hubbell v. Higgins, 148 Iowa 36, 126 N.W. 914, Ann. Cas. 1912B 822; Berg v. Berg, 221 Iowa 326, 264 N.W. 821.

We hold that the classification in the instant case was reasonable and that it applied equally to all members of a class, such class being those whose spouses had been rendered old-age assistance. In this class none was excluded, there were no exceptions—simply the requirement that the marital relation must exist. Such was the holding of this court in Offe v. State Board of Social Welfare, supra. Our latest pronouncement on the subject of constitutional powers of the legislature to enact along the lines pertaining to the public welfare was in the case of Dickinson v. Porter, supra. Therein Justice Garfield, speaking for the majority, fully and carefully analyzed an enactment of the legislature which was claimed to have violated various constitutional provisions, and particularly section 6, Article I, of the Constitution of Iowa. Many decisions of this court might be cited to sustain the rule above-announced but we think it unnecessary.

VI. Plaintiff claims that the legislative enactment (section 249.20) violates section 9, Article I, of the Iowa Constitution in that it amounts to the taking of her property without due process of law. As the record stands in this case we hold that there is no merit to such claim.

In considering the matters involved in the instant case, we are to keep in mind that Oliver Thomas, recipient of the old-age assistance, and his wife, plaintiff herein, are still living. The State is not seeking to enforce the claim which it asserts is a lien against plaintiff's real estate. Section 249.19, Code of 1946, relates to the enforcement of such lien. Its remedies are two in number: (1) To file a claim against the estate of the spouse liable, or (2) by an equitable action of foreclosure after the recipient or the one liable is deceased. As matters now stand the State is simply claiming a lien against plaintiff's real estate. It has taken no action to enforce it. Plaintiff is in possession of her real estate and she cannot be disturbed in connection with the State's claim as matters now stand.

Section 249.20 provides that a copy of the order of assistance be filed in the office of the county recorder where the recipient lives and in which the real estate belonging to the recipient or spouse of such recipient is situated. This is a part of the same section which provides that such assistance furnished shall be a lien on the property of the spouse of the recipient. Such provisions necessarily must be construed together. There is nothing ambiguous in the language. One relates to attaching the lien, the other to the notice thereof. We held in Offe v. State Board of Social Welfare, supra, that the assistance must have been furnished during the time the marital relation existed. The lien thus declared was by virtue of legislative act. This court held in In re Estate of Ragan, supra, 237 Iowa 619, 623, 23 N.W.2d 521, that it was within the power of the legislature in enacting the old-age-assistance law to make debts incurred thereunder liens against the homestead of recipients. The "debts incurred" as referred to in that case were largely those created by the furnishing of old-age assistance. In that case it was claimed that Ragan's widow owned the homestead sought to be sold to pay the State's claim for old-age assistance furnished Ragan and his deceased wife. The court held that had administration been taken out on the wife's estate the claimed homestead would have been encumbered by such assistance furnished, thereby holding such to be a lien against the property claimed as a homestead. See also Blount v. Brady, supra.

It is plaintiff's claim that the statute (section 249.20, Code of 1946) violated the State and Federal Constitutions in that it took her property without due process of law. We see no merit to this claim. She cites cases to support such claim but we think them inapplicable to the statute and the situation arising in this case.

Due process of law means ordinary judicial proceedings in court. Stewart v. Board of Supervisors, 30 Iowa 9, 1 Am. Rep. 238; Boyd v. Ellis, 11 Iowa 99. In Ex parte Grace, 12 Iowa 208, 214, 79 Am. Dec. 529, 533, the term was defined: "Another exposition of the phrase 'due process of law,' is the right of trial according to the process and proceedings of the common law, or law in its regular course of administration through courts of justice." See Davidson v. Doherty & Co.,

214 Iowa 739, 241 N.W. 700, 91 A. L. R. 1308. In Simon v. Craft, 182 U. S. 427, 436, 21 S. Ct. 836, 839, 45 L. Ed. 1165, the Supreme Court of the United States said: "The essential elements of due process of law are notice and opportunity to defend. In determining whether such rights were denied we are governed by the substance of things and not by mere form." See also Brenton v. Lewiston, 204 Iowa 892, at 895, 216 N.W. 6. In the case of Hodge v. Muscatine County, 121 Iowa 482, 489, 96 N.W. 968, 971, 67 L. R. A. 624, 104 Am. St. Rep. 304, in discussing the matter of taxation, this court stated that "The term 'due process of law' is often misapprehended or misapplied. Indeed, it seems impossible to give a definition which is at once perspicuous and satisfactory." On the same subject see Ross v. Board of Supervisors, 128 Iowa 427, 104 N.W. 506, 1 L. R. A., N. S., 431, wherein it was claimed in a drainage proceedings that the failure to give notice to one whose land was included in such district violated the due-process-of-law requirement. This court denied such claim.

In the case of Brown Shoe Co. v. Hunt, 103 Iowa 586, 590, 72 N.W. 765, 766, 39 L. R. A. 291, 64 Am. St. Rep. 198, it was claimed that the law giving an innkeeper a lien on property of its customers violated both the State and Federal Constitutions by depriving the owner of property without notice—consequently the lien was without due process of law. In the trial below there was a pleading that the failure in the statute to provide notice was violative of the due process of law and this was urged in the appeal to this court. This court denied such claim and in so doing said: "The statute is not unconstitutional. It does not deprive the owner of his property without due process of law. It simply provides for a lien and a possession, and makes no provision as to how the lien shall be enforced." The principle set forth in Brown Shoe Co. v. Hunt, supra, was recognized in Hodge v. Muscatine County, supra. It will be noted that section 249.20, heretofore set out, simply declares a lien against the property of the spouse of the one receiving such assistance.

Speaking of the term "due process of law" the Oklahoma court, in Barnes Drilling Co. v. Phillips, 166 Okla. 154, 155, 26 P.2d 766, 767, said: "One of the most often quoted definitions

1084

of 'due process of law' is that of Daniel Webster in his argument in the famous Dartmouth College case, 4 Wheat. [17 U. S.] 518, 581, 4 L. Ed. 629, in which he declared that by 'due process of law' is meant, 'A law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.' "

See Words and Phrases, Perm. Ed., 489–592, inc.; 16 C. J. S., Constitutional Law, section 568.

 We hold that the statute under which the State claims a lien against plaintiff's property does not violate our State or Federal Constitution in the respects claimed. We further hold that the court erred in finding for the plaintiff and ordering cancellation of the lien claimed by the State.—Reversed.

GARFIELD, C. J., and OLIVER, HALE, SMITH, BLISS, WENNER-STRUM, and HAYS, JJ., concur.

MULRONEY, J., takes no part.